■ IGOR ASHTON, Respondent, v KHANIN BOBRUITSKY et al., Appellants. [625 NYS2d 585] —In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered June 18, 1993, which, upon separate jury verdicts as to liability and damages, and upon so much of the trial court's ruling as increases the plaintiff's damages for past pain and suffering, is in favor of the plaintiff and against them in the principal sum of $122,533.

Ordered that the judgment is modified, on the law and the facts, by reducing the damages awarded for past pain and suffering from the principal sum of $75,000 to the sum of $6,500, and reducing the total award from the principal sum of $122,533 to the principal sum of $54,033; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

On June 29, 1986, the plaintiff, while visiting the defendants' home, stepped on the edge of an unsecured throw rug, and it slipped out from under him. At the trial on the issue of liability, the defendants' depositions, in which they admitted that they had placed the rug on top of a varnished and shiny hardwood floor, were read into evidence. Their grandchild had slipped and fallen on the rug prior to the plaintiff's accident.

Accordingly, the verdict as to liability was supported by legally sufficient evidence and was not against the weight of the evidence (see, Olsen v St. Margaret of Scotland R. C. Church, 18 NY2d 872; Nicastro v Park, 113 AD2d 129).

At the trial on the issue of damages, the plaintiff testified that he had hit the floor with his right elbow. The defendants drove him to a hospital, where a doctor pulled the elbow back in place, put a plastic bandage over it, and put his arm in a sling.

On July 25, 1986, the sling was removed, and the plaintiff could not move his elbow "for a couple of days". The first time he tried to move his elbow he felt "[n]othing but pain", but "little by little—it was getting better". At the time of the trial, the plaintiff, who works as a design engineer, was able to draw with his right arm without difficulty. However, the elbow still hurt when the weather changed. The plaintiff's treating physician testified that there were bone chips which could contribute to arthritis and require future surgery. However, the defendants' expert witness testified that the bone chip condition "causes no restriction in useful motion", and would not require surgery.

Evidence was also admitted that the plaintiff fell and broke a bone in his foot six days after the sling was removed from his arm resulting in his hospitalization. The plaintiff attempted to prove that, if his right elbow had not been injured, he would have been able to grab a nearby tree with his right arm and thereby avoid the fall. On cross-examination he admitted, however, that he could not have reached the tree even if his right arm had been uninjured.

At the conclusion of the trial on the issue of damages, the jury awarded the plaintiff $6,500 for past pain and suffering, $40,000 for future pain and suffering, and additional sums for lost wages and past and future medical expenses. The jury declined to award the plaintiff any damages resulting from the injury to his foot. Prior to the entry of the judgment, the trial court, among other things, increased the award for past pain and suffering from $6,500 to $75,000.

The trial court had the power, on motion of the parties or on its own motion, to review the question of whether the jury's verdict on the issue of damages was against the weight of the evidence (see, CPLR 4404 [a]) and to set it aside if it found that the verdict deviated materially from what would be reasonable compensation (see, Shurgan v Tedesco, 179 AD2d 805, 806). However, the trial court lacked the power to

substitute its determination as to what was an appropriate award for that of the jury *(see, Kupitz v Elliott,* 42 AD2d 898; *see also, Anderson v Stephen M. Donis, D.P.M., P. C.,* 150 AD2d 414, 416). The proper procedure required the court to grant a new trial on the issue of damages for past pain and suffering unless the defendants stipulated to increase the jury's verdict as to that element of damages *(see, Kupitz v Elliott, supra; Anderson v Stephen M. Donis, D.P.M., P. C., supra;* Siegel, NY Prac § 407 [2d ed]).

We conclude, however, that since the jury's verdict as to damages for past pain and suffering did not deviate materially from what would be reasonable compensation, a new trial is not required. The plaintiff's elbow injury did not require surgery and merely required the placement of the elbow in a sling for one month. The jury found that the plaintiff's foot injury was unrelated to the accident that caused his elbow injury and that determination is supported by a fair interpretation of the evidence. The jury also awarded the plaintiff $40,000 for future pain and suffering. The trial court left that award undisturbed, but increased the award for past pain and suffering more than tenfold, although much of the plaintiff's evidence dealt with the future and not the past consequences of the elbow injury. Under the circumstances, we find that the jury's award of $6,500 for past pain and suffering was appropriate *(see,* CPLR 5501 [c]; *Zegman v State of New York,* 99 Misc 2d 473) and modify the judgment accordingly.

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.