■ MIA LANCASTER, Appellant, v DOCTOR'S HOSPITAL, Defendant, and JOSE CORVALAN, Respondent. [636 NYS2d 8] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered December 6, 1993, which, after a jury trial on the issue of continuous treatment, dismissed the complaint as against defendant-respondent as barred by the Statute of Limitations, unanimously affirmed, without costs.

Plaintiff's claims of error in the trial court's charge to the jury on continuous treatment are unpreserved (*see*, *Harris v Armstrong*, 64 NY2d 700), and in any event without merit. The charge apprised the jury of the correct rules to be applied in easily understandable language that specifically related to the evidence presented at trial (*see*, *Cea v Freed*, 178 AD2d 397, 398), and correctly placed the burden of proof on plaintiff (*see*, *Massie v Crawford*, 78 NY2d 516, 519). Plaintiff's other claims of error are also without merit. Her three newly proposed witnesses were available to testify at the trial, and counsel's tactical decision not to call them is not a basis for a new trial (*see*, *Shafer v Iemma*, 184 AD2d 839). In any event, at best, the witnesses would have collaterally attacked the credibility of an adverse witness, also an insufficient basis for a new trial (*see*, *Teichner v W & J Holsteins*, 161 AD2d 454, *lv dismissed* 77 NY2d 873). Defense counsel's questioning of plaintiff regarding her prior criminal convictions of conspiracy in the fourth degree, attempted coercion in the second degree and criminal solicitation in the fourth degree was reasonable and fair, and the trial court appropriately exercised its discretion in controlling the scope of the cross-examination (*see*, *People v Hults*, 76 NY2d 190, 199). Finally, admission into evidence of defendant's appointment book, to which plaintiff did not timely object, was proper under the business records exception to the hearsay rule (CPLR 4518). Concur—Murphy, P. J., Rosenberger, Ross, Nardelli and Mazzarelli, JJ.