■ MARGARETE LINSZER, Respondent, v CLARA WACHSMAN, Appellant. [648 NYS2d 981] —In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Spodek, J.), entered February 15, 1995, which, upon a jury verdict awarding the plaintiff the sum of $55,000 for past pain and suffering and the sum of $150,000 for future pain and suffering, is in favor of the plaintiff and against her in the principal sum of $210,000, and (2) an amended judgment of the same court entered May 22,

1995, which is in favor of the plaintiff and against her in the principal sum of $205,000.

Ordered that the appeal from the judgment entered February 15, 1995, is dismissed, as that judgment was superseded by the amended judgment entered May 22, 1995; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

We are unpersuaded by the defendant's argument that the trial court erred in failing to deliver to the jury a comparative negligence charge. On the facts presented herein, there was no valid line of reasoning from which the jury could have concluded that the plaintiff engaged in conduct which fell below the standard required by a reasonably prudent person to keep herself from harm (see generally, *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517).

Moreover, the verdict as to damages was supported by the credible evidence adduced at trial (*see, Nicastro v Park,* 113 AD2d 129, 133; *Cohen v Hallmark Cards,* 45 NY2d 493, 498-499).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, and Joy, JJ., concur.

McGinity, J., concurs in part and dissents in part and votes to dismiss the appeal from the judgment, reverse the amended judgment, and grant a new trial, with the following memorandum. I respectfully disagree with the majority. The trial court's failure to charge the jury on the issue of comparative negligence after a specific request by the defendant's counsel was error requiring a new trial.

In the instant case, the plaintiff, along with two companions was on her way to pay a visit to the defendant at the defendant's residence in Brooklyn. The visitors, including the plaintiff, were directed, via a sign, to use the side door as an entrance.

The plaintiff was walking ahead of her two companions. When she reached the side door, which was located on a stoop with a railing, she attempted to open a storm door with her right hand, it being conceded the door opened from her left to her right. As she was opening the storm door she pulled the door toward her body. The testimony revealed it was a very windy late winter day with the wind blowing at a rate of 20 to 22 miles per hour with wind gusts of up to 26 miles per hour. The plaintiff claims that as she opened the door, the wind blew

it with such force that she was propelled down the stoop, causing her left humerus to fracture.

The plaintiff's theory of negligence against the defendant was that either the storm door or its stopper was defective so that there was no restraint on the door, permitting it to fly open in a strong wind. The record reveals that the plaintiff's two companions, although nearby, were not called as witnesses, so we are limited to the testimony of the only eyewitness who testified, the plaintiff. The plaintiff's theory of negligence required that she be in the path of the door, in order to explain her fall without the benefit of testimony from her companions who may have been able to shed light on the complete details of the plaintiff's fall.

The plaintiff marked the door with an "X" on Exhibit 3A, a photograph, indicating where she was standing when she attempted to open the door. The only fair inference one could draw from her testimony is that she opened the door directly at herself. In order to gain access to the inner door, the plaintiff would, by necessity, have to move to the left of the storm door when opening it. Of course, if the plaintiff had been standing in the normal position for a person opening this storm door in order to gain access to the inner door, the fact that the storm door suddenly blew open in a strong gust of wind would be irrelevant since she would not have been in the path of the storm door.

During the course of a pre-charge conference, the defendant made an application for a charge as to the plaintiff's comparative negligence.

"[COUNSEL FOR THE DEFENDANT]: I think comparative should be charged. She was opening the door, she should use due care in opening this door.

"[THE COURT]: She should use due care, but I didn't see any evidence that was evidence of negligence.

"[COUNSEL FOR THE DEFENDANT]: From where she marked on the photograph, where she was standing—

"[THE COURT]: I can't see that, Counselor. If you can show something during your case, fine. If not, this jury is not going to be given any comparative negligence. Not at this stage. You haven't shown anything and she hasn't said anything. She said she walked up the steps, used her right hand to open the door, the handle which was on the left. She pulled the door open; the wind caught it and pushed her down. Now, I don't see any negligence on that testimony. There may be something on your case, and if you show something on your case, I'm going to give

it. But not in bare bones testimony. There's no showing of any comparative negligence. The only negligence I see is having a door check which didn't operate properly".

Again, during the damages phase of the trial, the defense counsel, emphasizing his exception to the court's failure to charge the jury on the issue of comparative negligence, stated:

"Plaintiff's testimony stated that she marked Exhibit 3A with an X right in front of the storm door. Where she marked this X is positioned to the right-hand side of the door handle, meaning that when she opened this door, she would be opening it right into herself.

"That, in and of itself is comparative and she—on liability there should have been a charge as to comparative negligence.

"Let the record reflect that based on the X in the photograph number 3A, it is totally impossible to have been opening the screen door without hitting into yourself.

"This, together with the remainder of plaintiff's testimony regarding her opening of the door is the basis for the defendant's exception to not charging comparative.

"[THE COURT]: I just want to say that there was not a scintilla of evidence of any negligence on the part of the plaintiff. That the plaintiff testified that she began to open the door with her right hand when the wind caught the door and that there was nothing that this plaintiff did or said that in any way, that I see, contributed to the happening of this case * * * there was no showing that this woman did anything different or unusual from anyone else—that anyone else would have done as she walked up to the door and for that reason I didn't charge contrib[utory negligence]".

Case law instructs that the question of comparative negligence should be given to the jury where there is a valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion of negligence on the basis of the evidence presented at trial (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). Stated otherwise, contributory negligence should not be charged if there is no evidence or insufficient evidence to support it (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517). The jury, as the trier of the facts, is charged with the responsibility of drawing fair inferences from the evidence presented. As we stated in *Louise B. G. v New York City Bd. of Educ.* (143 AD2d 728, 730), "[i]t is well settled that the question of contributory or comparative negligence is almost always a question of fact and primarily a jury function". In the instant case, I submit that there is a valid line of reasoning that could rationally support a finding of comparative negligence.

Although the majority states that, "there was no valid line of reasoning from which the jury could have concluded that the plaintiff engaged in conduct which fell below the standard required by a reasonably prudent person to keep herself from harm", here the plaintiff had experienced gusting winds prior to the time she attempted to open the door and therefore, she was expected to open the door in a normal manner, particularly since she had ample space and opportunity to stand to the left of the door. The jury could, from the facts presented, infer that she was negligent in opening the door directly into her own path, requiring her to skirt around the left side of the door to gain access to the inner door. Since the trial court, in denying the defendant's request for a charge on comparative negligence effectively directed a verdict on this issue in favor of the plaintiff, it deprived the defendant of the opportunity to have the triers of the facts draw whatever fair inferences they could from the evidence presented. It was, therefore, error to fail to charge the jury on the issue of comparative negligence.