■ Julio J. Bordes et al., Respondents, v 170 East 106th St. Realty Corp., Defendant and Third-Party Plaintiff-Respondent. Wayne Construction Corp., Third-Party Defendant-Appellant. [688 NYS2d 241] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from (1) so much of an order of the Supreme Court, Kings County (Vinik, J.), dated November 5, 1997, as denied its motion for summary judgment dismissing the third-party complaint, and (2) a judgment of the same court (Shaw, J.), entered April 10, 1998, which, upon a jury verdict, is in favor of (a) the plaintiff Julio Jose Bordes and against the defendant third-party plaintiff in the principal sum of $468,858.51 ($190,000 for past pain and suffering, $85,000 for future pain and suffering, $130,000 for past loss of earnings, $42,500 for future loss of earnings, and $21,358.51 for medical expenses), (b) the plaintiff Lioda Pichardo and against the defendant third-party plaintiff in the principal sum of $66,000 ($42,000 for past loss of services and $24,000 for future loss of services), and (c) in favor of the defendant third-party plaintiff and against it, holding that the defendant third-party plaintiff shall recover from it any money paid by or on behalf of the defendant third-party plaintiff in satisfaction of the judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding damages for loss of past earnings to the plaintiff Julio Jose Bordes and for past and future loss of services to the plaintiff Lioda Pichardo and substituting therefor provisions severing those causes of action, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon the plaintiffs of a copy of this decision and order with notice of entry, the plaintiffs shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages awarded to the plaintiff Julio Jose Bordes for loss of past earnings from the sum of $130,000 to the sum of $90,000, and to reduce the verdict with respect to damages awarded to the plaintiff Lioda Pichardo for past loss of services from the sum of $42,000 to the sum of $5,000 and for future loss of services from the sum of $24,000 to the sum of $5,000, and to the entry of an appropriate judgment in their favor; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the order dated November 5, 1997, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the appellant's contention, it was not improper to refuse to charge comparative negligence because the trial evidence did not lead to any "valid line of reasoning from which the jury could have concluded that the [injured] plaintiff engaged in conduct which fell below the standard required by a reasonably prudent person" (*Linszer v Wachsman,* 232 AD2d 530, 531). Moreover, at the trial on the issue of damages, the court did not err in sustaining the plaintiffs' objection after the appellant asked the plaintiff Lioda Pichardo how the plaintiffs paid for airplane fare to visit their children in Santo Domingo, since the appellant had no good-faith basis to believe that the plaintiffs paid for airplane fare out of post-accident work earnings. Similarly, the court properly sustained the plaintiffs' objection when the injured plaintiff was asked whether he had reported any income on tax returns following the incident. Although the court properly permitted the appellant to question the injured plaintiff as to whether he earned money from work

after the accident, the appellant did not have a good-faith basis to believe that the injured plaintiff reported post-accident work income on his income taxes (*see, Ciancio v Woodlawn Cemetery Assn.,* 210 AD2d 9, 10 [proper to deny defendant's request "for production of plaintiff's income tax records for periods after the accident since [the defendant's] asserted need to verify plaintiff's disability and claimed lost earnings may be satisfied by resort to alternative sources"]).

The damage awards were excessive to the extent indicated herein.

The appellant's remaining contentions are without merit. Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.