■ JOCELYN PATTERSON, Respondent, v NASSAU COMMUNITY COLLEGE et al., Appellants, et al., Defendants. [764 NYS2d 841] —In an action to recover damages for personal injuries, the defendants Nassau Community College and the County of Nassau appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Skelos, J.), entered April 16, 2002, as, upon a jury verdict in favor of the plaintiff and against the County of Nassau on the issue of liability, upon the denial of the motions of the County of Nassau pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability and pursuant to CPLR 4404 to set aside the verdict on the issue of liability as to it as against the weight of the evidence, upon a separate jury verdict awarding the plaintiff damages in the sum of $2,000,000 for past pain and suffering, $2,500,000 for future pain and suffering, $185,000 for future medical expenses, and $500,000 for future loss of earnings, and upon the denial of that branch of the motion of the County of Nassau pursuant to CPLR 4404 which was to set aside the verdict on damages for past and future pain and suffering and future medical expenses, as, inter alia, against the weight of the evidence, is in favor of the plaintiff and against the County of Nassau.

Ordered that the appeal by the defendant Nassau Community College is dismissed, as that defendant is not aggrieved by the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court properly denied the motion of the defendant County of Nassau for judgment as a matter of law. Viewing the evidence in the light most favorable to the non-moving party, the jury could have found in favor of the plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Contrary to the County's contention, the awards for past and future pain and suffering did not materially deviate from what would be reasonable compensation (*see* CPLR 5501 [c]; *Davis v City of New York*, 293 AD2d 641 [2002]; *Miller v Long Is. R.R.*, 286 AD2d 713 [2001]; *Hoenig v Shyed*, 284 AD2d 225 [2001]; *Sladick v Hudson Gen. Corp.*, 226 AD2d 263 [1996]).

The County's remaining contention is without merit. Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.