■ GRACIELA DIAZ et al., Respondents, v PARSONS PROPERTIES, INC., Appellant. [766 NYS2d 102] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Dye, J.), entered July 26, 2002, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and upon a jury verdict awarding the plaintiff Graciela Diaz damages in the principal sum of $771,000 ($150,000 for past pain and suffering, $550,000 for future pain and suffering, $25,000 for past medical expenses, $25,000 for future medical expenses, and the stipulated sum of $21,000 for lost wages), and awarding the plaintiff Hernando Diaz damages in the principal sum of $50,000 ($25,000 for past loss of services and $25,000 for future loss of services), and upon the denial of its application pursuant to CPLR 4404 (a) to set aside the verdict, is in favor of the plaintiffs and against it.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding damages to the plaintiff Graciela Diaz for future pain and suffering and future medical expenses, and awarding damages to the plaintiff Hernando Diaz for future loss of services, and substituting therefor provisions severing those causes of action, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendant, unless, within 30 days after service upon them of a copy of this decision and order, the plaintiff Graciela Diaz shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $550,000 to the sum of $300,000, and as to damages for future medical expenses from the sum of $25,000 to the sum of $10,100, and to the entry of an appropriate amended judgment in her favor in the principal sum of $506,100, and the plaintiff Hernando Diaz shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for future loss of services from the sum of $25,000 to the sum of $10,000, and to the entry of an appropriate amended judgment in his favor

in the principal sum of $35,000; in the event the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment accordingly.

Contrary to the defendant's contention, the evidence was legally sufficient to support the jury's finding as to liability since it cannot be said that there was no valid line of reasoning and permissible inferences which could possibly lead rational persons to the jury's conclusion on the basis of the evidence presented at the trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). In addition, the Supreme Court properly declined to set aside the verdict as against the weight of the evidence absent a showing that the jurors could not have reached their verdict on the issue of liability on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]). The jury properly determined that the flooding condition on the basement stairs where the accident occurred was a dangerous recurring condition of which the defendant could be charged with constructive notice (*see Reilly v Long Is. R.R.,* 275 AD2d 767, 768 [2000]; *Weisenthal v Pickman,* 153 AD2d 849 [1989]).

We find, however, that the award of damages to the plaintiff Graciela Diaz for future pain and suffering in the principal sum of $550,000 deviates materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *Zavurov v City of New York,* 241 AD2d 491, 493 [1997]), as does the award of damages to the plaintiff Hernando Diaz for future loss of services (*see Martino v Triangle Rubber Co.,* 249 AD2d 454, 455 [1998]; *Zavurov v City of New York, supra* at 493). We also find that the award of damages to the plaintiff Graciela Diaz for future medical expenses was unsupported by the record to the extent indicated (*see Sanvenero v Cleary,* 225 AD2d 755, 756 [1996]). Altman, J.P., H. Miller, Adams and Townes, JJ., concur.