■ 405 BEDFORD AVENUE DEVELOPMENT CORP., Respondent, v NEW METRO CONSTRUCTION, LTD., et al., Appellants, et al., Defendants. [809 NYS2d 552]—

In an action for a judgment declaring that the defendants are obligated to indemnify the plaintiff in an underlying personal injury action entitled *Hernandez v 405 Bedford Avenue Development Corp.*, pending in the Supreme Court, Kings County, under index No. 4785/01, the defendants New Metro Construction, Ltd., and Russo Construction, LLC, appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated March 19, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, the action against the remaining defendants is severed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the appellants are not obligated to indemnify the plaintiff in the underlying action.

Santos Hernandez, an employee of the appellant Russo Construction, LLC (hereinafter Russo), was injured while working at a construction site owned by the plaintiff, 405 Bedford Avenue Corp. (hereinafter 405 Bedford). Hernandez commenced an action, inter alia, to recover damages pursuant to the Labor Law, against 405 Bedford and Roth & Sons Construction, LLC (hereinafter Roth & Sons), the predecessor of the appellant, New Metro Construction, Ltd. (hereinafter New Metro), the steel contractor on the project. In 2003, 405 Bedford commenced this declaratory judgment action against New Metro and Russo (hereinafter together the appellants) claiming that they were contractually obligated to indemnify 405 Bedford in the underly-

ing action. New Metro and Russo moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they had no such obligation. The Supreme Court denied the motion. We reverse.

The appellants demonstrated their prima facie entitlement to summary judgment by showing that there was no written agreement between the parties which obligated them to indemnify 405 Bedford for damages arising from injuries sustained by a worker at the construction site.

Workers' Compensation Law § 11 bars a third-party action for indemnification against an employer when its employee is injured in a work-related accident unless the employee has sustained a "grave injury," or the claim for indemnification is "based upon a provision in a *written* contract entered into [by the employer] prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law § 11; emphasis added). There is no claim that Hernandez suffered a "grave injury." Accordingly, in the absence of a written agreement providing for indemnification between Russo and 405 Bedford, Russo was entitled to a judgment declaring that it is not obligated to indemnify 405 Bedford in the underlying action (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 [1998]; *Fischer v Waldbaum's, Inc.*, 7 AD3d 756 [2004]; *Guijarro v V.R.H. Constr. Corp.*, 290 AD2d 485 [2002]; *Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918 [2000]).

With respect to New Metro, the trial court has already determined that this defendant did not contribute to the happening of the injured worker's accident. In the underlying Labor Law action, the court granted a motion for summary judgment brought by Roth & Sons stating that "all cross-claims and plaintiff's complaint are dismissed as to defendant Roth & Sons." Consequently, given that there is also no indemnification agreement between 405 Bedford and the appellants, there is no basis to declare that the appellants must indemnify 405 Bedford since the court has already decided that Roth & Sons was not liable for the accident which injured Hernandez.

In opposition to the appellants' prima facie showing of entitlement to judgment as a matter of law, 405 Bedford failed to raise a triable issue of fact. Accordingly, the appellants were entitled to summary judgment and a declaration in their favor (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Mann v Gulf Ins. Co.*, 3 AD3d 554 [2004]).

Since this is a declaratory judgment action, we remit the mat-

ter to the Supreme Court, Kings County, for the entry of a judgment declaring that the appellants are not obligated to indemnify 405 Bedford in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.