■ WALLA MOHAMED, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [915 NYS2d 599]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Terrence Rose appeal from a judgment of the Supreme Court, Kings County (Dabiri, J.), dated July 7, 2009, which upon a jury verdict on the issue of liability, finding them to be 80% at fault in the happen-

ing of the accident, and upon a separate jury verdict on the issue of damages, finding that the plaintiff sustained damages, inter alia, in the sums of $500,000 for future medical expenses and $7,500,000 for future pain and suffering, and upon the granting of the motion of those defendants to set aside the verdict to the extent that a new trial was granted on the issue of damages for future pain and suffering only unless the plaintiff stipulated to reduce the damages for future pain and suffering from the principal sum of $7,500,000 to the principal sum of $4,000,000, and upon the plaintiff's stipulation to so reduce those damages, is in favor of the plaintiff and against those defendants.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof finding that the plaintiff sustained damages in the sums of $500,000 for future medical expenses and $4,000,000 for future pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants New York City Transit Authority and Terrence Rose, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future medical expenses and future pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for future medical expenses from the sum of $500,000 to the sum of $416,220 and for future pain and suffering from the sum of $4,000,000 to the sum of $3,000,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff was seriously injured as a result of an accident that occurred on October 28, 2004, when she was struck and run over by a defendant New York City Transit Authority (hereinafter NYCTA) bus operated by the defendant Terrence Rose. The jury found that she suffered damages in the sums of $4,000,000 for past pain and suffering, $500,000 for future medical expenses, and $7,500,000 for future pain and suffering which was ultimately reduced pursuant to the plaintiff's stipulation to $4,000,000 for future pain and suffering.

The Supreme Court did not improvidently exercise its discretion in precluding the testimony of the defendants' experts since their expert witness disclosures were untimely and improper (see Parlante v Cavallero, 73 AD3d 1001 [2010]; King v Gregruss Mgt. Corp., 57 AD3d 851 [2008]; Construction by Singletree, Inc.

*v Lowe*, 55 AD3d 861 [2008]; *Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 463 [2006]; *McArthur v Muhammad*, 16 AD3d 630 [2005]; *Mankowski v Two Park Co.*, 225 AD2d 673 [1996]).

While it was error for the Supreme Court to have precluded the defendants from presenting accident reconstruction evidence to the jury, the error was ultimately harmless. The jury's apportionment of fault to the plaintiff demonstrates that without the need for the reconstruction evidence, it accepted the defendants' only claim of negligence against the plaintiff that she had not crossed in the crosswalk area.

The Supreme Court's charge regarding internal rules and industry practices of the NYCTA was proper in light of the evidence presented at trial (*see e.g. Sullivan v Locastro*, 178 AD2d 523 [1991]; *see generally Lancaster v Doctor's Hosp.*, 222 AD2d 301 [1995]; *cf. Morales v City of New York*, 70 NY2d 981 [1988]).

The award for future medical expenses should be reduced to $416,220 since there was no evidence to support the jury's verdict and it was, therefore, clearly speculative (*see O'Donnell v Blanaru*, 33 AD3d 776 [2006]; *Lloyd v Russo*, 273 AD2d 359 [2000]). While there was testimony by the plaintiff's expert that the plaintiff will likely require further medication and treatment should she develop an arthritic condition in the future and for back problems, the only evidence regarding future medical expenses related to the cost of prescription medication in the amount of $6,937 per year. Accordingly, the award of $500,000 for future medical expenses was based upon uninformed speculation (*see Sanvenero v Cleary*, 225 AD2d 755 [1996]).

The award of $4,000,000 for future pain and suffering deviated materially from what would be reasonable compensation under the circumstances to the extent indicated herein (*see De La Cruz v New York City Tr. Auth.*, 48 AD3d 508 [2008]; *see also Bello v New York City Tr. Auth.*, 50 AD3d 511 [2008]; *Man-Kit Lei v City Univ. of N.Y.*, 33 AD3d 467 [2006]; *compare Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18 [2008]; *Patterson v Nassau Community Coll.*, 308 AD2d 519 [2003]; *Hoenig v Shyed*, 284 AD2d 225 [2001]). Florio, J.P., Balkin, Eng and Leventhal, JJ., concur.