■ Carmen Medina-Castro, Appellant, v McKinney Welding Supply Co., Inc., et al., Respondents. [924 NYS2d 835]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated April 8, 2010, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff allegedly sustained injuries at her place of work. She opened the basement door to receive a delivery of one tank of gas, weighing about 80 to 100 pounds, from the defendant McKinney Welding Supply Co., Inc. (hereinafter McKinney). When she opened the door, the tank tumbled and caused her to fall. The plaintiff alleged that McKinney's deliveryman, the de-

fendant Mark Brown, negligently left the tank unattended in a hand truck, which was missing a chain normally used to secure the tank, on an uneven surface. The plaintiff moved for summary judgment on the issue of liability, contending that Brown's negligent conduct was the sole proximate cause of her injuries. The Supreme Court denied the motion. We reverse.

The plaintiff established, prima facie, that Brown's negligent conduct was the sole proximate cause of her injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was comparatively at fault (*see generally Linszer v Wachsman*, 232 AD2d 530 [1996]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Covello, J.P., Leventhal, Lott and Miller, JJ., concur.