██ STEPHEN J. DANSEGLIO et al., Appellants, v JEMVAL CORP. et al., Respondents, et al. Defendant. [951 NYS2d 905]—

Contrary to the Supreme Court's determination, it cannot be said that the jury's verdict on the issue of liability could not have been reached on any fair interpretation of the evidence. Thus, the court should have denied those branches of the separate motions of the defendants Jemval Corp. and Vincent Contracting and Dismantling Service, Inc. (hereinafter together the moving defendants), which were pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability as contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86

NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 132-134 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Jean-Louis v City of New York*, 86 AD3d 628, 629 [2011] [internal quotation marks omitted]).

However, the Supreme Court properly granted those branches of the moving defendants' separate motions which were pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages as contrary to the weight of the evidence. Nonetheless, when a determination is made that a factual conclusion is contrary to the weight of the evidence, the result is "merely a new trial," and not a final judgment (*Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]; *see* CPLR 4404 [a]). Accordingly, instead of directing the dismissal of the complaint insofar as asserted against the moving defendants, the Supreme Court should have granted a new trial on the issue of damages. Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.