In an action to recover damages for personal injuries, the defendant appeals (1) from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 24, 2012, as denied its cross motion pursuant to CPLR 4404 to set aside so much of a jury verdict on the issue of damages as awarded damages for past and future medical expenses as contrary to the weight of the evidence and to set aside the entire verdict and for a new trial on the basis of certain evidentiary rulings, and (2) an amended judgment of the same court dated October 22, 2012, which is in favor of the plaintiff and against it in the principal sums, inter alia, of $60,000 for past medical expenses and $200,000 for future medical expenses.
Ordered that the appeal from the order dated May 24, 2012, is dismissed, without costs or disbursements; and it is further,
Ordered that the amended judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions awarding damages for past and future medical expenses; as so modified, the amended judgment is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future medical expenses unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past medical expenses from the sum of $60,000 to the sum of $57,000, and for future medical expenses from the sum of $200,000 to the sum of $12,000 and to the entry of an appropriate second amended judgment in his favor; in the event the plaintiff so stipulates, then the amended judgment, as so reduced and amended, is affirmed, without costs or disbursements, that branch of the defendant’s cross motion which was to set aside so much of a jury verdict on the issue of damages as awarded damages for past and future medical expenses as contrary to the weight of the evidence is granted, and the order is modified accordingly.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).
*974 On February 3, 2009, at approximately 5:00 a.m., the plaintiff slipped on ice on the top step of the entrance to an apartment building in Brooklyn which was owned by the defendant, causing him to fall and break his ankle. The plaintiff was taken to Kings County Hospital where he underwent two surgical procedures to repair his ankle. Following a jury trial, the plaintiff was awarded, inter alia, $60,000 for past medical expenses and $200,000 for future medical expenses.
Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care (see Lane v Smith, 84 AD3d 746, 749 [2011]; Mohamed v New York City Tr. Auth., 80 AD3d 677, 679 [2011]; Jansen v Raimondo & Son Constr. Corp., 293 AD2d 574, 575 [2002]; Diaz v Parsons Props., 309 AD2d 892 [2003]; Sanvenero v Cleary, 225 AD2d 755, 756 [1996]). The award of damages for past medical expenses was excessive to the extent indicated based on the evidence provided at trial (see Lane v Smith, 84 AD3d at 749).
Evidence submitted at trial that the plaintiff will incur medical expenses when and if future conditions develop that require treatment is speculative, and does not support an award of damages for future medical expenses (see Mohamed v New York City Tr. Auth., 80 AD3d at 679; Diaz v Parsons Props., 309 AD2d at 893; Stylianou v Calabrese, 297 AD2d 798, 799 [2002]; Sanvenero v Cleary, 225 AD2d at 756). The evidence submitted by the plaintiff at trial established that he would incur future medical expenses of $12,000. Accordingly, we reduce the award of damages for future medical expenses to $12,000 (see Mohamed v New York City Tr. Auth., 80 AD3d at 679).
The trial court providently exercised its discretion in ruling that the defendant could not introduce certain weather reports into evidence without the testimony of an expert to explain their significance to the jury (see De Long v County of Erie, 60 NY2d 296, 307 [1983]; Christoforatos v City of New York, 90 AD3d 970 [2011]).
Contrary to the defendant’s contention, a comparative negligence charge would have been inappropriate here where there were no specific factual allegations to support it and therefore there was no valid line of reasoning from which the jury could have reasonably concluded that the plaintiff was comparatively negligent (see Marus v Village Med., 51 AD3d 879, 881 [2008]; Gonzalez v Jamaica Hosp., 25 AD3d 652 [2006]; Perales v City of New York, 274 AD2d 349, 350 [2000]; Bordes v 170 E. 106th St. Realty Corp., 260 AD2d 522 [1999]; Moore v Klondike Fishing Corp., 248 AD2d 601, 602 [1998]; Linszer v *975 Wachsman, 232 AD2d 530, 531 [1996]; cf. Gallo v 800 Second Operating, 300 AD2d 537, 538 [2002]). Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.