■ NINA M. BOCK, as Executrix of MARY A. CORAPI, Also Known as ANTONIA MARY CORAPI, Deceased, et al., Appellants, v CITY OF MOUNT VERNON et al., Respondents. [997 NYS2d 684]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Westchester County (O. Bellantoni, J.), dated April 24, 2012, as, upon a jury verdict on the issue of liability finding Mary A. Corapi, also known as Antonia Mary Corapi, 50% at fault in the happening of the accident, and the defendant Sports Underdome, Inc., 50% at fault, and upon a jury verdict on the issue of damages finding that Mary A. Corapi, also known as Antonia Mary Corapi, sustained damages in the principal sums of $50,000 for past pain and suffering, $200,000 for past medical expenses, and $145,000 for future pain and suffering, and that the plaintiff Peter Corapi sustained damages in the principal sums of $0 for past loss of services and consortium and $50,000 for future loss of services and consortium, and upon an order of the same court dated March 6, 2012, granting the defendants' motion pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence, so much of the jury verdict as awarded Mary A. Corapi, also known as Antonia Mary Corapi, the principal sum of $200,000 for past medical expenses to the extent of awarding her the principal sum of $59,992.03 for past medical expenses, and denying the plaintiffs' cross motion pursuant to CPLR 4404 (a) for additur and to fix damages in a monetary amount that does not deviate materially from what is considered reasonable compensation for the injuries sustained and damages, or alternatively, to set aside the jury verdict on the issue of damages and for a new trial on that issue, is in favor of them and against the defendants only in those principal sums.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding Mary A. Corapi, also known as Antonia Mary Corapi, damages for past medical expenses in the principal sum of $59,992.03, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages with respect to past medical expenses only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to decrease the amount of damages for past medical expenses from the principal sum of $200,000 to the principal sum of $59,992.03, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judg-

ment, as so decreased and amended, is affirmed, without costs or disbursements.

"Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care" (*Pilgrim v Wilson Flat, Inc.*, 110 AD3d 973, 974 [2013]). "[A] trial court [has] the power, on motion of the parties or on its own motion, to review the question of whether the jury's verdict on the issue of damages was against the weight of the evidence (*see,* CPLR 4404 [a]) and to set it aside if it [finds] that the verdict deviated materially from what would be reasonable compensation" (*Ashton v Bobruitsky,* 214 AD2d 630, 631 [1995]; *see Pilgrim v Wilson Flat, Inc.*, 110 AD3d at 974; *Weathers v Rios,* 120 AD3d 663 [2014]; *Mohamed v New York City Tr. Auth.*, 80 AD3d 677, 679 [2011]).

Here, the Supreme Court correctly concluded that the award of damages for past medical expenses was excessive to the extent that it exceeded $59,992.03 (*see Weathers v Rios,* 120 AD3d 663 [2014]; *Pilgrim v Wilson Flat, Inc.*, 110 AD3d at 974; *Danseglio v Jemval Corp.*, 99 AD3d 853, 854 [2012]; *Mohamed v New York City Tr. Auth.*, 80 AD3d at 679; *Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438, 439-440 [2005]; *O'Connor v Rosenblatt,* 276 AD2d 610, 611 [2000]). However, in concluding that the award for past medical expenses was contrary to the weight of the evidence, the court erred in entering an unconditional judgment in favor of Mary A. Corapi, also known as Antonia Mary Corapi, in the decreased amount (*see Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc.*, 52 AD3d 674, 677 [2008]; *Ashton v Bobruitsky,* 214 AD2d at 631; *cf. Denis v City of New York,* 54 AD3d 803, 804 [2008]). The proper procedure when a damages award is excessive is to order a new trial on damages unless the plaintiff stipulates to the decreased amount (*see Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc.*, 52 AD3d at 677; *Ashton v Bobruitsky,* 214 AD2d at 631; *accord Pilgrim v Wilson Flat, Inc.*, 110 AD3d at 974; *Mohamed v New York City Tr. Auth.*, 80 AD3d at 679; *Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438 [2005]).

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in denying their posttrial cross motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages as inadequate based on its determination that the cross motion was untimely (*see* CPLR 4404 [a]; 4405, 4406; *Habib v Best Yet Mkt. of Hicksville, Inc.*, 101 AD3d 1083 [2012]; *Brzozowy v ELRAC, Inc.*, 39 AD3d 451, 453 [2007]). In any event, the Supreme Court properly denied the motion on the alternative ground that the cross motion was

without merit, as the verdict was not inadequate (*see generally Dana v Allstate N.J. Ins. Co.*, 79 AD3d 791, 792 [2010]).

The parties' remaining contentions either are not properly before this Court or are without merit. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.