█ CARLOS ENRIQUE CANO, Respondent-Appellant, v MID-VALLEY OIL COMPANY, INC., et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents. ADVENTURA CONSTRUCTION SERVICES, Third-Party Defendant-Appellant. (And Other Actions.) [57 NYS3d 494]—

In an action to recover damages for personal injuries, (1) the third-party defendant appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered January 12, 2015, which, inter alia, is in favor of the defendant third-party plaintiff Drake Petroleum Company, Inc., and against it in the sum of $1,000,000, (2) the defendants third-party plaintiffs separately appeal, as limited by their brief, from so much of the same judgment as, after a jury trial on the issue of damages and upon an order of the same court dated December 2, 2014, denying those branches of the motion of the defendant third-party plaintiff Drake Petroleum Company, Inc., which were pursuant to CPLR 4404 (a) to set aside so much of the verdict as awarded damages for past and future lost wages and granting those branches of that motion which were to set aside so much of the verdict as awarded damages for past and future medical expenses only to the extent of reducing those damages to the principal sums of $250,000 and $600,000, respectively, is in favor of the plaintiff and against the defendant third-party plaintiff Drake Petroleum Company, Inc., in the principal sums of $150,000 for past lost wages, $137,670 for future lost wages, $250,000 for past medical expenses, and, pursuant to CPLR article 50-B, $589,838 for future medical expenses, and (3) the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment (a) as, upon an order of the same court entered July 5, 2013 (Molia, J.), denying his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), upon an order of the same court dated October 9, 2013 (Molia, J.), denying that branch of his motion which was for leave to renew his prior motion for summary judgment, and upon a jury verdict on the issue of liability finding him to be 25% at fault in the happen-

ing of the accident and the defendant third-party plaintiff Drake Petroleum Company, Inc., to be 75% at fault, reduced the damages awarded to the plaintiff by 25% based on the plaintiff's comparative fault, and (b) as, after a jury trial on the issue of damages and upon an order of the same court dated December 2, 2014, denying those branches of the plaintiff's motion which were pursuant to CPLR 4404 (a) to set aside, on the ground of inadequacy, so much of the verdict as awarded damages for past pain and suffering in the sum of only $100,000 and damages for future pain and suffering in the sum of only $375,000, is in favor of the plaintiff and against the defendant third-party plaintiff Drake Petroleum Company, Inc., in the principal sum of only $100,000 for past pain and suffering and, pursuant to CPLR article 50-B, in the principal sum of only $311,130 for future pain and suffering.

Ordered that the appeal by the defendants third-party plaintiffs Mid-Valley Oil Company, Inc., and Mobil Corporation is dismissed, as those parties are not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof reducing the award of damages to the plaintiff by 25% based on the plaintiff's comparative fault, (2) deleting the provision thereof in favor of the defendant third-party plaintiff Drake Petroleum Company, Inc., and against the third-party defendant in the sum of $1,000,000, (3) deleting the provision thereof awarding damages for future medical expenses in the principal sum of $589,838, (4) deleting the provision thereof awarding damages for past pain and suffering in the principal sum of $100,000, and (5) deleting the provision thereof awarding damages for future pain and suffering in the principal sum of $311,130; as so modified, the judgment is affirmed insofar as appealed from by the third-party defendant and the defendant third-party plaintiff Drake Petroleum Company, Inc., and cross-appealed from by the plaintiff, without costs or disbursements, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted, the order entered July 5, 2013, is modified accordingly, the order dated October 9, 2013, is vacated, those branches of the plaintiff's motion which were to set aside, on the ground of inadequacy, so much of the verdict as awarded damages for past and future pain and suffering are granted, those branches of the motion of the defendant third-party plaintiff Drake Petroleum Company, Inc., which were to set aside so much of the verdict as awarded

damages for past and future medical expenses are granted, the order dated December 2, 2014, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for (a) a new trial on the issue of damages for past and future pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the defendant third-party plaintiff Drake Petroleum Company, Inc., of a copy of this decision and order, the defendant third-party plaintiff Drake Petroleum Company, Inc., shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the principal sum of $100,000 to the principal sum of $1,000,000, and to increase the verdict as to damages for future pain and suffering from the principal sum of $375,000 to the principal sum of $2,500,000, and to the entry of an amended judgment accordingly, and for (b) a new trial on the issue of damages for future medical expenses, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the damages award for future medical expenses from the sum of $589,838 to the sum of $250,000, and to the entry of an amended judgment accordingly; in the event the plaintiff and the defendant third-party plaintiff Drake Petroleum Company, Inc., so stipulate, then the judgment, as so increased, reduced, and amended, is affirmed insofar as appealed from by the third-party defendant and the defendant third-party plaintiff Drake Petroleum Company, Inc., and cross-appealed from by the plaintiff, without costs or disbursements.

On June 3, 2005, the plaintiff, who was 33 years old at the time, was injured when he fell from an unsecured ladder while working at a construction site while employed by the general contractor, Adventura Construction Services (hereinafter Adventura). Although the ground where the plaintiff was working, which consisted of dirt, was uneven and unsettled, and although aerial lifts and scaffolding were available on the job site and the plaintiff had indicated that he did not believe that a ladder was the proper device for the work, the plaintiff was instructed by his supervisor, who had observed the condition of the ground, to use a ladder. As a result of his fall, the plaintiff sustained serious injuries to his dominant hand and wrist, and his lower back.

The plaintiff then commenced three separate actions to re-

cover damages for the injuries he sustained in connection with his accident, alleging violations of, inter alia, Labor Law §§ 240 (1) and 241 (6). The first action was against, among others, Drake Petroleum Company, Inc. (hereinafter Drake), the owner of the property, which, in turn, commenced a third-party action against Adventura seeking contractual indemnification. The second action was against Warex Terminals Corporation (hereinafter Warex), which was a "sister company" to Drake and which had signed the construction contract with Adventura. The third action was against Warren Equities, Inc., the parent company of Drake and Warex. The three actions were later joined for discovery and trial.

After discovery, the plaintiff moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. Drake opposed the motion, submitting only an attorney's affirmation in which the attorney contended that the deposition testimony of the plaintiff, who was an undocumented immigrant who had failed to pay taxes and who had utilized a coworker's name in order to obtain health insurance immediately following the accident, raised issues of credibility that could not be resolved on a motion for summary judgment, and further raised issues as to whether the plaintiff was the sole proximate cause of his accident. In an order entered July 5, 2013, the Supreme Court (Molia, J.) denied the plaintiff's motion. In an order dated October 9, 2013, the court (Molia, J.) denied the branch of the plaintiff's motion which was for leave to renew his prior motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.

The Supreme Court (Pitts, J.) subsequently conducted a trial on the issue of liability, at which the plaintiff presented his testimony, the testimony of a coworker, and the testimony of a forensic engineer who opined that Drake violated both Labor Law §§ 240 (1) and 241 (6). None of the defendants presented any witnesses.

Prior to the plaintiff's case on liability being submitted to the jury, the Supreme Court dismissed the plaintiff's actions insofar as asserted against all of the defendants except Drake and Warex. The plaintiff and Warex then settled the second action before the case was submitted to the jury.

The jury returned a verdict in which it found that Drake did not violate Labor Law § 240 (1), but that it violated Labor Law § 241 (6), and apportioned 25% fault to the plaintiff and 75% fault to Drake.

The Supreme Court then conducted a trial on the issue of damages, at which the plaintiff presented his testimony, the

testimony of a specialist in hand surgery with experience in back surgery, and the testimony of a vocational rehabilitation specialist who testified that as a result of the accident, the plaintiff sustained a total loss of earning capacity. Again, none of the defendants presented any evidence. After the trial, the jury returned a verdict in favor of the plaintiff and against Drake, awarding the plaintiff $100,000 for past pain and suffering, $700,000 for past medical expenses, $150,000 for past lost earnings, $375,000 for future pain and suffering, $1,515,000 for future medical expenses, and $160,000 for future lost earnings.

The plaintiff then moved after trial pursuant to CPLR 4404 (a) for a directed verdict on his Labor Law § 240 (1) cause of action, and to set aside the verdict as to comparative fault and his awards for past and future pain and suffering. Drake and Adventura separately moved to set aside the jury's awards for past and future lost wages, and to reduce the awards for past and future medical expenses. The Supreme Court, in an order dated December 2, 2014, denied the plaintiff's motion in its entirety, and granted the motions by Drake and Adventura to the extent that it reduced the award for past medical expenses from $700,000 to $250,000, and the award for future medical expenses from $1,515,000 to $600,000. Additionally, the court granted judgment in favor of Drake and against Adventura, finding that Adventura was obligated to indemnify Drake based upon the indemnification provisions in Adventura's construction contract with Warex.

Adventura appeals from stated portions of the judgment. Drake separately appeals from so much of the judgment as awarded the plaintiff damages for past and future medical expenses and past and future lost wages. The plaintiff cross-appeals from so much of the judgment as apportioned 25% of the fault to him, and, on the ground of inadequacy, from the awards of damages for past and future pain and suffering.

Before the matter proceeded to a trial on the issue of liability, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. The plaintiff established his prima facie entitlement to judgment as a matter of law through his deposition testimony, which indicated that he was working on an unsecured ladder that moved while he was standing on it (see Casasola v State of New York, 129 AD3d 758, 759 [2015]; Diaz v 5-01-5-17 48th Ave., LLC, 111 AD3d 661, 662 [2013]; Kaminski v 22-61 42nd St., LLC, 91 AD3d 606 [2012]; Gilhooly v Dormitory Auth. of State of N.Y., 51 AD3d 719, 720 [2008]).

In opposition, Drake, which submitted only an attorney's affirmation, failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to Drake's contention, the fact that the plaintiff was an undocumented immigrant who failed to pay taxes and had used a coworker's name to obtain health insurance immediately following the accident does not present an issue relating to the plaintiff's credibility as to any material fact (*see Carrion v City of New York*, 111 AD3d 872, 873-874 [2013]; *Fox v H&M Hennes & Mauritz, L.P.*, 83 AD3d 889, 891 [2011]; *Leconte v 80 E. End Owners Corp.*, 80 AD3d 669, 671 [2011]).

Further, as "contributory negligence will not exonerate a defendant who has violated [Labor Law § 240 (1)] and proximately caused a plaintiff's injury" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286 [2003]), the jury's finding of comparative fault, and the corresponding reduction in the damages awarded to the plaintiff, must be vacated.

Additionally, the Supreme Court incorrectly granted judgment in favor of Drake and against Adventura on the issue of contractual indemnity. "Words in a contract are to be construed to achieve the apparent purpose of the parties. Although the words might seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989] [internal quotation marks omitted]). "This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*id.* at 491). "The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*id.* at 491-492).

Pursuant to Workers' Compensation Law § 11, "where the plaintiff has not sustained a 'grave injury,' section 11 of the Workers' Compensation Law bars third-party actions against employers for indemnification or contribution unless the third-party action is for contractual indemnification pursuant to a written contract in which the employer 'expressly agreed' to indemnify the claimant. Requiring the indemnification contract to be clear and express furthers the spirit of the legislation" (*Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]).

Here, the only parties to the agreement were Adventura, listed as the "Contractor," and Warex, listed as the "Owner." Although it is undisputed that Drake was the actual owner of the

subject property at the time of the accident, the express language of the agreement states that Adventura only agreed to indemnify the "Owner," which is listed as Warex, and does not include any provision that extends the indemnity agreement to the agents or affiliates of Warex (*see id.* at 489-490; *Bush v Mechanicville Warehouse Corp.*, 79 AD3d 1327 [2010]; *Lipshultz v K & G Indus.*, 294 AD2d 338, 338-339 [2002]; *see also O'Berg v MacManus Group, Inc.*, 33 AD3d 599, 599-600 [2006]; *405 Bedford Ave. Dev. Corp. v New Metro Constr., Ltd.*, 26 AD3d 408, 409 [2006]). Had Drake, which was affiliated with Warex, wanted to be included under the agreement as the owner, it could easily have substituted its name for Warex's at the time Adventura and Warex reached their agreement with regards to Adventura acting as the construction project's general contractor.

Additionally, the plaintiff's awards for past and future pain and suffering deviated materially from what would be reasonable compensation. "The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (*Halsey v New York City Tr. Auth.*, 114 AD3d 726, 727 [2014] [internal quotation marks omitted]). Here, as a result of the accident, the plaintiff underwent surgery to repair a comminuted fracture in his dominant wrist. He continues to suffer from limited range of motion in his wrist, and has lost almost all range of motion in his left pinky. Additionally, despite having two separate spinal fusion surgeries, the first of which included a laminectomy and a foraminotomy, the plaintiff's lower back pain did not improve, and he also experienced significant restrictions in his range of motion. His medical expert opined that both his wrist and lower back injuries were permanent, that the plaintiff's pain will worsen, and that he will need to continue taking pain medication and will require additional wrist and spinal fusion surgeries in the future. Additionally, the plaintiff testified that, as a result of the accident, he was no longer able to play soccer, lift weights, or play with his young daughter. Considering the nature and the extent of the injuries sustained by the plaintiff, the awards for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see id.* at 727; *Kayes v Liberati*, 104 AD3d 739, 740-741 [2013]; *Stewart v New York City Tr. Auth.*, 82 AD3d 438 [2011]; *Nutley v New York City Tr. Auth.*, 79 AD3d 711, 711-712 [2010]; *Harris v City of New York*, 2 AD3d 782, 783-784 [2003]; *Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, 948 [1998]; *see also Williams v City of New York*, 105 AD3d 667 [2013]).

Finally, the award of damages for future medical expenses was excessive to the extent indicated herein (*see Bock v City of Mount Vernon*, 123 AD3d 644, 646 [2014]; *Belt v Girgis*, 82 AD3d 1028, 1030 [2011]).

In light of our determination, we do not reach the parties' remaining contentions. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.