■ KEVIN SERGEANT, Plaintiff, v MURPHY FAMILY TRUST et al., Defendants and Third-Party Plaintiffs-Appellants. D.R. CASEY CONSTRUCTION CORP., Third-Party Defendant-Respondent. [739 NYS2d 790] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered March 1, 2001, which granted the motion of third-party defendant seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying the motion of third-party defendant in part and reinstating the third-party complaint insofar as it alleges that plaintiff sustained a grave injury based on an acquired brain injury resulting in permanent total disability and as modified the order is affirmed without costs.

Memorandum: Third-party plaintiffs, Murphy Family Trust and Murphy and Nolan, Inc. (Murphy), appeal from an order granting the motion of third-party defendant, D.R. Casey Construction Corp. (D.R. Casey), seeking summary judgment dismissing the third-party complaint. We previously determined that plaintiff was entitled to partial summary judgment on liability under Labor Law § 240 (1) (*Sergeant v Murphy Family Trust,* 284 AD2d 991), and in its third-party complaint Murphy seeks contribution or indemnification from D.R. Casey, plaintiff's former employer, alleging that plaintiff sustained a grave injury (*see,* Workers' Compensation Law § 11). Murphy failed to brief any issues with respect to the propriety of the court's dismissal of its claims that plaintiff sustained a grave injury based on total and permanent blindness and deafness, and thus those issues are deemed abandoned (*see, Ciesinski v Town of Aurora,* 202 AD2d 984).

We conclude that the court properly granted that part of D.R. Casey's motion seeking dismissal of the claim that plaintiff sustained a grave injury based on permanent and severe facial disfigurement. The photographs of plaintiff's face submitted by D.R. Casey establish that plaintiff has a scar underneath his chin, extending beneath the jaw to a point below his ear. However, despite the extensive surgery required to insert 17 metal plates to repair fractures in plaintiff's face, plaintiff's face is not disfigured. We therefore conclude that D.R. Casey met its initial burden of establishing that the scar is not a severe facial disfigurement and thus that plaintiff did

not sustain a grave injury within the meaning of Workers' Compensation Law § 11 (*see generally, Castro v United Container Mach. Group,* 96 NY2d 398, 401-402; *cf., Falkowski v 81 & 3 of Watertown,* 288 AD2d 890), and Murphy failed to raise an issue of fact.

We further conclude that, although D.R. Casey met its initial burden on the motion with respect to the claim that plaintiff sustained a grave injury based on an acquired brain injury resulting in permanent total disability (*see,* Workers' Compensation Law § 11), Murphy raised an issue of fact. "Since the key to deciding a summary judgment motion is issue finding rather than issue determination, the [submissions] should be scrutinized carefully in the light most favorable to the party opposing the motion" (*Victor Temporary Servs. v Slattery,* 105 AD2d 1115, 1117). Here, D.R. Casey submitted the affidavit and report of a neuropsychologist to whom plaintiff was referred by his family practitioner. According to the neuropsychologist, the results of an extensive assessment indicated that plaintiff may have attempted to manipulate some of the test results, and thus the neuropsychologist could not "point to definite, consistent evidence of disrupted cognitive ability related to his * * * work related accident." Murphy, however, raised an issue of fact by submitting portions of plaintiff's deposition testimony in which plaintiff testified that he has experienced memory loss, anxiety, vision deficits, forgetfulness and personality changes. Contrary to the court's determination, Murphy was not required to establish as a matter of law that plaintiff sustained a grave injury in order to avoid dismissal of the third-party complaint; that burden exists only when an owner moves for summary judgment on its third-party complaint seeking indemnification from the plaintiff's employer (*see, e.g., Fichter v Smith,* 259 AD2d 1023, *lv denied in part and dismissed in part* 93 NY2d 994). Rather, Murphy was required only to raise an issue of fact in order to defeat the motion of D.R. Casey seeking summary judgment dismissing the third-party complaint. We therefore modify the order by denying the motion of D.R. Casey in part and reinstating the third-party complaint insofar as it alleges that plaintiff sustained a grave injury based on an acquired brain injury resulting in permanent total disability.

All concur except Lawton, J., who dissents in part and votes to affirm in the following memorandum.

Lawton, J. (dissenting in part). I respectfully dissent in part. I concur with the majority in all respects save the issue whether third-party plaintiffs, Murphy Family Trust and Mur-

phy and Nolan, Inc. (Murphy), raised an issue of fact sufficient to defeat the motion of third-party defendant, D.R. Casey Construction Corp. (D.R. Casey), seeking summary judgment dismissing the third-party complaint. While I agree with the majority that D.R. Casey established by competent medical evidence that plaintiff has not sustained a grave injury within the meaning of Workers' Compensation Law § 11, I disagree that Murphy presented competent medical evidence to raise an issue of fact. Such evidence is required where, as here, the alleged grave injury is "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11; *see, Way v Grantling,* 289 AD2d 790). While plaintiff testified to many disabling injuries, there is no competent medical evidence to relate those injuries to the alleged brain injury. I do not believe that we should consider the totality of plaintiff's injuries, including orthopedic injuries, in determining whether plaintiff is totally disabled within the meaning of the brain injury exception set forth in Workers' Compensation Law § 11. Rather, to constitute a grave injury, the brain injury itself must result in total disability. To conclude otherwise would impermissibly broaden the scope of the grave injury exception (*see, Meis v ELO Org.,* 97 NY2d 714; *Castro v United Container Mach. Group,* 96 NY2d 398, 402). Consequently, I would affirm. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.