IDE PONTIAC, INC., Appellant, v D.V.G. ELECTRICAL GENERAL CONTRACTOR et al, Respondents. [747 NYS2d 848] —Appeal from an order of Supreme Court, Monroe County (Affronti, J.), entered July 26, 2001, which granted the motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover for damage to its property caused by an explosion resulting from a gas leak at a building owned by defendant Dale Gonzalez and

leased to defendant D.V.G. Electrical General Contractor. Supreme Court properly granted defendants' motion for summary judgment dismissing the amended complaint. Defendants met their burden of establishing their entitlement to judgment by submitting proof that they had no actual or constructive notice of any defect on the premises that would cause the gas leak and plaintiff failed to raise a triable issue of fact (*see Mittendorf v Brooklyn Union Gas Co.*, 195 AD2d 449). The report of the fire investigator submitted by plaintiff is unsworn and fails to indicate that its author qualifies as an expert, and thus that report is insufficient to defeat the motion (*see New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652, 653). Similarly, the opinion of plaintiff's expert that the leak resulted from the failure of defendants to inspect and maintain the natural gas appliances and piping at their premises "was properly rejected as speculative, remote and lacking an adequate factual foundation" (*La Duke v Albany Motel Enters.*, 282 AD2d 974, 975). Finally, the court properly concluded that plaintiff may not rely on the doctrine of res ipsa loquitur to raise an inference that defendants were negligent (*see Cosulich v Standard Oil Co.*, 122 NY 118, 129). Plaintiff presented no evidence that a gas leak would not have occurred in the absence of someone's negligence (*see Mitchell v Suburban Propane Gas Corp.*, 182 AD2d 934, 937; *Archer v Suburban Propane Gas Co.*, 69 AD2d 993). Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.