Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered September 17, 2002, which denied third-party defendant’s motion seeking summary judgment dismissing the third-party complaint.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of third-party defendant in part and dismissing the third-party complaint insofar as it alleges that plaintiff sustained a grave injury within the meaning of Workers’ Compensation Law § 11 based on permanent and severe facial disfigurement and as modified the order is affirmed without costs.
Memorandum: Plaintiff, an employee of third-party defendant, Flower City Printing, Inc. (Flower City), sustained scalp and facial lacerations when her hair became caught in a drill press machine. Supreme Court properly denied that part of Flower City’s motion seeking summary judgment dismissing the third-party complaint insofar as it alleges that plaintiff sustained a grave injury based on an acquired injury to the brain resulting in permanent total disability (see Workers’ Compensation Law § 11). Flower City failed to meet its initial burden on the motion with respect to that part of the third-party complaint (cf. Sergeant v Murphy Family Trust, 292 AD2d 761, 762 [2002]).
We further conclude, however, that the court erred in denying that part of Flower City’s motion seeking summary judgment dismissing the third-party complaint insofar as it alleges that plaintiff sustained a grave injury based on permanent and severe facial disfigurement, and thus we modify the order accordingly. Photographs of plaintiff show that her scar is only slightly *999 lighter than her skin tone and follows her hair line. Thus, Flower City established as a matter of law that plaintiffs facial scarring does not constitute a grave injury within the meaning of Workers’ Compensation Law § 11, and third-party plaintiffs failed to raise an issue of fact to defeat that part of the motion (see Sergeant, 292 AD2d at 761-762). Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.