■ BRITTNEY KROLLMAN, Respondent, v FOOD AUTOMATION SERVICE TECHNIQUES, INC., et al., Defendants. FOOD AUTOMATION SERVICE TECHNIQUES, INC., Third-Party Plaintiff-Respondent, v CARROLS CORPORATION, as Successor to 591 WEST SENECA FOOD CORP., Third-Party Defendant-Appellant. [787 NYS2d 581]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered August 18, 2004. The order denied the motion of third-party defendant seeking summary judgment dismissing the third-party complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the third-party complaint is dismissed.

Memorandum: Plaintiff commenced this action against several defendants, alleging that she was injured as a result of their culpable conduct while she was employed by third-party defendant. Third-party defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing the third-party complaint because plaintiff has not sustained a permanent and severe facial disfigurement as a matter of law under Workers' Compensation Law § 11. We agree.

Third-party defendant met its initial burden of establishing its entitlement to judgment as a matter of law by submitting photographs of plaintiff depicting that she is not severely disfigured (*see Rosen v Nygren Dahly Co.*, 1 AD3d 998, 998-999 [2003]; *Sergeant v Murphy Family Trust*, 292 AD2d 761, 761-762 [2002]; *Hilbert v Sahlen Packing Co.*, 267 AD2d 939 [1999], *appeal dismissed* 95 NY2d 790 [2000]; *see generally Fitzpatrick v Chase Manhattan Bank*, 285 AD2d 487 [2001]). Plaintiff and third-party plaintiff submitted medical evidence that plaintiff sustained burns on her face. Third-party plaintiff further submitted the affidavit of an expert who opined that plaintiff sustained permanent severe disfigurement. Expert medical evidence is relevant on the issue of permanence, but not severity (*see generally People v Cronin*, 60 NY2d 430, 432-433 [1983]). Here, the photographs of plaintiff's face clearly show no severe disfigurement. Plaintiff sustained a three-millimeter scar above her left eyebrow, which is not visible in the photographs, and some mottling of her cheeks. These injuries fail to rise to the statutory threshold of severe facial disfigurement constituting a grave injury (*see* Workers' Compensation Law § 11; *Castro v United Container Mach. Group*, 96 NY2d 398, 401 [2001]). We therefore reverse the order, grant the motion of third-party defendant and dismiss the third-party complaint. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.