■ CAROLINE O'BERG et al., Plaintiffs, v MACMANUS GROUP, INC., Defendant and Third-Party Plaintiff-Appellant. FLIK INTERNATIONAL CORP., Third-Party Defendant-Respondent. [822 NYS2d 306]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 1, 2005, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The third-party defendant, Flik International Corp. (hereinafter Flik), operated a cafeteria in the offices of D'Arcy, Masius, Benton & Bowles (hereinafter D'Arcy) pursuant to a written contract between itself and D'Arcy. D'Arcy is alleged to be a wholly-owned subsidiary of the defendant third-party plaintiff, MacManus Group, Inc. (hereinafter MacManus). MacManus also owns the building in which D'Arcy's offices are located.

The plaintiff Caroline O'Berg (hereinafter the plaintiff) was employed by Flik as an assistant manager in the cafeteria and suffered a work-related accident in which a ceiling tile fell down and struck her in the head, injuring her. She received workers' compensation benefits as a result of that accident. After she sued MacManus for its alleged negligence in maintaining the building, MacManus commenced a third-party action against Flik for indemnification. The Supreme Court granted Flik's motion for summary judgment dismissing the third-party complaint on the ground that the action was barred by the Workers' Compensation Law (see Workers' Compensation Law § 11). We affirm.

In response to Flik's showing that the plaintiff did not sustain a grave injury as defined by Workers' Compensation Law § 11, MacManus failed to raise a triable issue of fact (see Rubeis v Aqua Club, Inc., 3 NY3d 408 [2004]; Krollman v Food Automation Serv. Techniques, Inc., 13 AD3d 1209 [2004]; Sergeant v Murphy Family Trust, 292 AD2d 761 [2002]). Additionally, the contracts relied upon by MacManus fail to show the existence of

an express agreement between Flik and itself for contribution and/or indemnification, as required by the statute (*see Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486 [2004]; *Lipshultz v K & G Indus.*, 294 AD2d 338 [2002]; *cf. Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427 [2005]). Accordingly, Flik's motion was properly granted (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

MacManus's remaining contention is without merit (*see* CPLR 3212 [f]). Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.