CEDRIC FLEMING et al., Plaintiffs, v THOMAS GRAHAM et al., Defendants and Third-Party Plaintiffs-Respondents. PIN-STRIPES GARMENT SERVICES, LLC, Third-Party Defendant-Appellant. [824 NYS2d 376]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 10, 2005, as denied its motion for summary judgment dismissing the third-party complaint on the issue of liability or, in the alternative, pursuant to Workers' Compensation Law § 11, on the ground that the plaintiff Cedric Fleming did not sustain a grave injury within the meaning of the statute.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Cedric Fleming alleged that he sustained numerous injuries including severe disfiguring facial scarring when the vehicle in which he was a passenger, a dry cleaning delivery van owned by his employer, the third-party defendant, Pinstripes Garment Services, LLC (hereinafter Pinstripes), was involved in an accident with a school bus operated by Thomas Graham and

owned by Evergreen Bus Service, Inc., and/or Caravan Transportation, Inc. (hereinafter referred to collectively as Evergreen), the defendants third-party plaintiffs. It is undisputed that at the time of the accident it was raining heavily and just prior to the accident both vehicles were traveling on the same roadway in opposite directions. It is also undisputed that the Evergreen vehicle turned left across the roadway and was struck on the passenger side by the Pinstripes vehicle.

To be entitled to summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Once the moving party has made a prima facie showing of entitlement to summary judgment, the party opposing the motion must present evidence in admissible form establishing the existence of a triable issue of fact in order to defeat the motion (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The evidence must be viewed in a light most favorable to the nonmoving party (*see Gonzalez v Metropolitan Life Ins. Co.,* 269 AD2d 495 [2000]). In reviewing a motion for summary judgment, the court accepts as true the evidence presented by the nonmoving party, and must deny the motion if there is "even arguably any doubt as to the existence of a triable issue" (*Baker v Briarcliff School Dist.,* 205 AD2d 652, 653 [1994]).

The Supreme Court properly denied the motion by Pinstripes for summary judgment dismissing Evergreen's third-party complaint. It is undisputed that the Evergreen vehicle turned left across the roadway that the Pinstripes vehicle was traveling on. However, when viewing the evidence in the light most favorable to the nonmovant, the Pinstripes vehicle was not in the intersection when the Evergreen vehicle began its turn and an issue of fact exists as to whether the Pinstripes vehicle was so close to the intersection as to constitute an immediate hazard (*see Calemine v Hobler,* 263 AD2d 495 [1999]; *Bogorad v Fitzpatrick,* 38 AD2d 923 [1972], *affd* 31 NY2d 984 [1973]). Moreover, on this record, even if the Evergreen vehicle violated Vehicle and Traffic Law § 1141 by failing to yield the right-of-way to the Pinstripes vehicle, Pinstripes did not establish, as a matter of law, that its driver was free from comparative negligence (*see Scibelli v Hopchick,* 27 AD3d 720 [2006]; *Cox v Nunez,* 23 AD3d 427 [2005]; *Millus v Milford,* 289 AD2d 543 [2001]). "A driver with the right-of-way has a duty to use reasonable care to avoid a collision" (*Cox v Nunez, supra* at 427).

Regarding the issue of whether the plaintiff sustained a grave

injury within the meaning of Workers' Compensation Law § 11, the photographs of the plaintiff's face, submitted by Pinstripes in support of its motion, did not clearly show that the plaintiff's facial scarring was not a severe facial disfigurement (*see Krollman v Food Automation Serv. Techniques, Inc.,* 13 AD3d 1209 [2004]; *Rosen v Nygren Dahly Co.,* 1 AD3d 998 [2003]). Pinstripes also failed to establish that the plaintiff's facial scarring was not permanent.

Thus, Pinstripes failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, we need not consider the sufficiency of Evergreen's opposing papers (*see Hanna v Alverado,* 16 AD3d 624 [2005]).

We note that the contention of the plaintiff Cedric Fleming regarding the denial of that branch of his motion which was for summary judgment on the issue of liability is not properly before this Court as he did not appeal from the order (*see* CPLR 5515). Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.