■ Robert Mackie, Plaintiff and Counterclaim Defendant-Appellant, v Frank Martucci et al., Defendants and Counterclaim Plaintiffs-Respondents. Katherine Mackie, Counterclaim Defendant-Appellant. [835 NYS2d 338]—

In an action pursuant to RPAPL article 15, inter alia, in effect, for a judgment declaring that Katherine Martucci does not

have an easement over the portion of a private roadway that is on Robert Mackie's and Katherine Mackie's property, Robert Mackie and Katherine Mackie appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (LaCava, J.), entered September 18, 2006, as, in effect, upon an order of the same court dated September 18, 2006, granting that branch of the motion of Frank Martucci and Katherine Martucci which was for summary judgment on their counterclaim, in effect, pursuant to RPAPL article 15 for a judgment declaring that Katherine Martucci has an express easement over the portion of the roadway that is on the Mackie property, and denying their cross motion for summary judgment declaring that Katherine Martucci does not have an easement over that portion of the roadway, declared that Katherine Martucci has an express easement.

Ordered that the notice of appeal from the order entered September 18, 2006, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Katherine Martucci owns a parcel of land that borders a parcel owned by Robert Mackie and Katherine Mackie on the north. A private roadway known as the "Traveled Way" which leads to a public street, begins on Katherine Martucci's property, and runs south through the Mackies' property, and then through a parcel of land owned by Frank Martucci and the Mackies, and then through a parcel of land owned by a nonparty that borders the street. At one point, Bernard Kayden, who used to live in a house on what is now Katherine Martucci's property, and who used to use the Traveled Way to access that house, owned all of these parcels of land.

On that branch of their motion which was for summary judgment on their counterclaim for a judgment declaring that Katherine Martucci had an easement created by express grant over the portion of the Traveled Way that was on the Mackies' property, Frank Martucci and Katherine Martucci demonstrated their entitlement to judgment as a matter of law by providing evidence establishing that when Kayden conveyed the above-mentioned parcels of land, he retained an easement over all of the Traveled Way for the benefit of any house that was or might be built on those parcels of land, and that Katherine Martucci shared that easement (*see Green v Mann*, 237 AD2d 566, 566-567 [1997]). Since, in response, the Mackies failed to raise a triable issue of fact, the court correctly granted that branch of the Martuccis' motion.

The Martuccis' contention that they were also entitled to summary judgment on their counterclaim for the partition and sale of the parcel of land owned by Frank Martucci and the Mackies is not properly before this Court (*see Fleming v Graham*, 34 AD3d 525, 527 [2006]; *see also Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.