# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**19**

**CA 14-01158**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

JOANN ABBO-BRADLEY, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF DYLAN J. BRADLEY,
TREVOR A. BRADLEY AND CHASE Q. BRADLEY, INFANTS,
ZACHARY HERR AND MELANIE HERR, INDIVIDUALLY
AND AS PARENTS AND NATURAL GUARDIANS OF COLETON
HERR AND HEATHER HERR, INFANTS, AND NATHAN E.
KORSON AND ELENA KORSON, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF LOGAN J. KORSON,
AN INFANT, PLAINTIFFS-APPELLANTS,

                V                        MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS, ET AL., DEFENDANTS,
OP-TECH ENVIRONMENTAL SERVICES, NIAGARA FALLS
WATER BOARD, GLENN SPRINGS HOLDINGS, INC., GROSS
PHC LLC, AND SEVENSON ENVIRONMENTAL SERVICES, INC.,
DEFENDANTS-RESPONDENTS.

---

PHILLIPS & PAOLICELLI, LLP, NEW YORK CITY (STEPHEN J. PHILLIPS OF
COUNSEL), WATERS & KRAUS, LLP, DALLAS, TEXAS, FANIZZI & BARR, P.C.,
NIAGARA FALLS AND CHRISTEN MORRIS, EAST AMHERST, FOR
PLAINTIFFS-APPELLANTS.

PILLINGER MILLER TARALLO, LLP, ELMSFORD (JEFFREY D. SCHULMAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT OP-TECH ENVIRONMENTAL SERVICES.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JEFFREY F.
BAASE OF COUNSEL), FOR DEFENDANT-RESPONDENT NIAGARA FALLS WATER BOARD.

QUINN EMANUEL URQUHART & SULLIVAN LLP, NEW YORK CITY (SHEILA L.
BIRNBAUM OF COUNSEL), PHILLIPS LYTLE LLP, BUFFALO AND KLEINFELD,
KAPLAN AND BECKER, LLP, WASHINGTON, DC, FOR DEFENDANT-RESPONDENT GLENN
SPRINGS HOLDINGS, INC.

SCHNITTER CICCARELLI MILLS PLLC, EAST AMHERST (PATRICIA S. CICCARELLI
OF COUNSEL), FOR DEFENDANT-RESPONDENT GROSS PHC LLC.

HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR
DEFENDANT-RESPONDENT SEVENSON ENVIRONMENTAL SERVICES, INC.

---

    Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered December 4, 2013.  The order
granted the motion of defendant Glenn Springs Holdings, Inc., for a
preliminary injunction.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the provision directing plaintiffs to afford defendants contemporaneous access to properties for environmental sampling samples and by limiting the obligation of plaintiffs' attorneys to provide notice of environmental sampling to instances "where such testing would be of assistance to the prosecution or defense of the instant lawsuit," and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following Memorandum: Plaintiffs, who live in an area in the periphery of the Love Canal site in Niagara Falls, commenced this toxic tort action seeking damages related to the alleged exposure of toxins from the Love Canal site. Supreme Court granted the motion of defendant Glenn Springs Holdings, Inc., joined in by other defendants, seeking a preliminary injunction prohibiting plaintiffs, or their attorneys, from conducting environmental sampling without providing defendants with written notice of 96 hours prior to such sampling; contemporaneous access to the sampling sites; and an opportunity to take split samples of all such environmental samples.

We agree with plaintiffs that the court, in issuing the preliminary injunction, abused its discretion in permitting defendants contemporaneous access to the site while the samples are collected (*see generally Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216). We therefore modify the order by vacating the provision directing contemporaneous access, and we remit the matter to Supreme Court to determine the manner in which plaintiffs are to provide split samples to defendants. Communication between plaintiffs' attorneys and their consultants is protected work product (*see Beach v Touradji Capital Mgt., LP*, 99 AD3d 167, 170), and their communication with their clients also is protected by the attorney-client privilege (*see Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP*, 52 AD3d 370, 373-374). Although plaintiffs' claims are based upon the evidence obtained from the samples (*see generally id.* at 374), we conclude that the respective privileges are not waived. The fact "[t]hat a privileged communication contains information relevant to the issues the parties are litigating does not, without more, place the contents of the privileged communication itself at issue in the lawsuit" (*id.* [internal quotation marks omitted]).

We nevertheless conclude that the court properly determined that defendants are entitled to notice and to contemporaneous split samples of material collected by plaintiffs herein and by plaintiffs' attorneys with respect to samples taken from property of nonparties insofar as that material is of assistance to plaintiffs in this action. We note, however, that there is a discrepancy between the order and the decision in this regard. The court's decision prohibited plaintiffs' attorneys from obtaining samples from the property of their nonparty clients in "any place in the [affected] area that would be [of] assistance" to plaintiffs' action herein, without, inter alia, notice to defendants. The order, however, requires plaintiffs' attorneys to provide notice of sampling and access to defendants of *any* sample taken, and did not contain the

restriction that plaintiffs' attorneys were required to provide notice to defendants only of those samples that would assist these plaintiffs.  Inasmuch as the decision controls where, as here, it conflicts with the order (*see Del Nero v Colvin*, 111 AD3d 1250, 1253), we further modify the order accordingly, to conform to the decision.

Entered:  February 13, 2015                              Frances E. Cafarell
                                                         Clerk of the Court