# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

681
CA 15-01542
PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.

---

HUGO RAFAEL RAMIREZ GABRIEL, ALSO KNOWN AS
CESAR MENDEZ, ET AL., PLAINTIFFS-RESPONDENTS,

                          V                                    MEMORANDUM AND ORDER

JOHNSTON'S L.P. GAS SERVICE, INC.,
DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.
--------------------------------------------------
JOHNSTON'S L.P. GAS SERVICE, INC., THIRD-PARTY
PLAINTIFF-RESPONDENT,

                          V

ANTHONY A. DEMARCO, ANTHONY W. DEMARCO AND
ANTHONY DEMARCO & SONS, INC., THIRD-PARTY
DEFENDANTS-APPELLANTS.
(ACTION NO. 1.)
--------------------------------------------------
HUGO RAFAEL RAMIREZ GABRIEL, ALSO KNOWN AS
CESAR MENDEZ, ET AL., PLAINTIFFS,

                          V

ANTHONY A. DEMARCO, ANTHONY W. DEMARCO AND
ANTHONY DEMARCO & SONS, INC., ET AL.,
DEFENDANTS.
(ACTION NO. 2.)

---

BARCLAY DAMON, LLP, ELMIRA (BRYAN J. MAGGS OF COUNSEL), FOR
THIRD-PARTY DEFENDANTS-APPELLANTS.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF
COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT AND DEFENDANT-
APPELLANT.

MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

     Appeals from an order of the Supreme Court, Oswego County (James
W. McCarthy, J.), entered May 27, 2015.  The order denied the motion
of defendant Johnston's L.P. Gas Service, Inc., for summary judgment
dismissing the amended complaint against it in action No. 1 and denied
in part the motion of third-party defendants for summary judgment

dismissing the third-party complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Johnston's L.P. Gas Service, Inc. in part and dismissing all claims based on allegations that the propane gas was not properly odorized, and by granting that part of the motion of third-party defendants with respect to plaintiff Lucio Jimenez Gabriel, also known as Marco Antonio Jimenez, and further dismissing the third-party complaint insofar as it sought contribution and/or indemnification for the injuries sustained by that plaintiff, and as modified the order is affirmed without costs in accordance with the following memorandum: Plaintiffs, undocumented farm workers who were employed at a farm in Oswego County, commenced action No. 1 seeking damages for injuries they allegedly sustained when their living quarters exploded. Defendant-third-party plaintiff (hereafter, Johnston's), the entity that supplied propane gas to the farm where plaintiffs worked, commenced a third-party action against defendants-third-party defendants (hereafter, DeMarco defendants), the owners of the farm and plaintiffs' employers, seeking contribution and/or indemnification for the injuries sustained by the plaintiffs in the main action. The parties also commenced other actions that are not relevant to this appeal. After discovery was complete, Johnston's moved for summary judgment dismissing the amended complaint against it, and the DeMarco defendants moved for summary judgment dismissing the third-party complaint. Johnston's and the DeMarco defendants now appeal from an order that, inter alia, denied the motion of Johnston's in its entirety and granted those parts of the DeMarco defendants' motion with respect to only seven of the nine plaintiffs.

Addressing first the appeal of the DeMarco defendants, we conclude that Supreme Court erred in denying that part of their motion with respect to Lucio Jimenez Gabriel, also known as Marco Antonio Jimenez (plaintiff). We therefore modify the order accordingly. The DeMarco defendants established that they are plaintiffs' employers and provide them with workers' compensation benefits. Consequently, they met their burden of establishing that they cannot be held liable in the third-party action "for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' " (Workers' Compensation Law § 11). In this case Johnston's alleges that plaintiff's qualifying grave injury was a "permanent and severe facial disfigurement" (*id.*). "A disfigurement is severe if a reasonable person viewing the plaintiff's face in its altered state would regard the condition as abhorrently distressing, highly objectionable, shocking or extremely unsightly. In finding that a disfigurement is severe, plaintiff's injury must greatly alter the appearance of the face from its appearance before the accident" (*Fleming v Graham*, 10 NY3d 296, 301). Here, the DeMarco defendants met their burden on their motion with respect to plaintiff by submitting photographs of plaintiff demonstrating that he is not severely disfigured within the meaning of the statute (*see id.* at 301-302; *Pilato v Nigel Enters.*,

*Inc.*, 48 AD3d 1133, 1135-1136; *Krollman v Food Automation Serv. Techniques, Inc.*, 13 AD3d 1209, 1210), and Johnston's failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

With respect to the appeal by Johnston's, we note at the outset that the court stated in its bench decision that it was dismissing all claims insofar as they were based on allegations that Johnston's and the upstream suppliers of propane did not properly odorize the propane, but the order on appeal does not include any such language. It is well settled that, "[w]here, as here, the [order] omits a determination made by the court in its decision, the decision controls and the [order] must be modified to conform to the decision" (*Waul v State of New York*, 27 AD3d 1114, 1115, *lv denied* 7 NY3d 705; *see Abbo-Bradley v City of Niagara Falls*, 125 AD3d 1469, 1470-1471). We therefore further modify the order accordingly.

We reject the contention of Johnston's that it established as a matter of law that it did not cause the explosion and thus that the court erred in denying its motion for summary judgment dismissing the amended complaint on that ground. It is well settled that a " 'gas company is required to use reasonable care in the handling and distribution of gas. In view of the dangerous and explosive character of gas and its tendency to escape, a gas company has the duty to use that degree of caution which is reasonably necessary to prevent the escape or explosion of gas from its pipes and equipment' " (*New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc.*, 90 AD3d 1638, 1641, quoting PJI 2:185). Therefore, in order to meet its burden on the motion, Johnston's was required to submit evidence establishing that it "had no actual or constructive notice of any defect on the premises that would cause the gas leak" that allegedly caused the explosion (*IDE Pontiac v D.V.G. Elec. Gen. Contr.*, 298 AD2d 912, 913; *see Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130). Here, however, Johnston's failed to "submit[ ] sufficient evidence that during service calls it provided adequate care to ensure that all aspects of the propane system were operating safely and effectively" (*Jackson v Gas Co.*, 2 AD3d 1104, 1105) and, "[t]hus, the question as to whether the conduct of [its] employees amounted to negligence was properly determined to be one for the trier of fact" (*Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133). Contrary to the contention of Johnston's, its "[f]ailure to make [the requisite] showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853).

We also reject the further contention of Johnston's that the court erred in denying that part of its motion for summary judgment dismissing the failure to warn claims insofar as they are based on its negligent failure to advise plaintiffs or the DeMarco defendants to obtain or use propane detectors, and on Johnston's failure to supply such detectors. "Generally, the adequacy of the warning in a products liability case based on failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial"

(*Johnson v Delta Intl. Mach. Corp.*, 60 AD3d 1307, 1309 [internal quotation marks omitted]), and Johnston's failed to meet its burden on its motion of establishing as a matter of law that no such warning was required (*see generally Winegrad*, 64 NY2d at 853).

We have considered the further contentions of Johnston's and the DeMarco defendants, and we conclude that they are without merit.

Entered:  October 7, 2016                          Frances E. Cafarell
                                                   Clerk of the Court