Goundan v Pav-Lak Contr. Inc. (2020 NY Slip Op 03985)





Goundan v Pav-Lak Contr. Inc.


2020 NY Slip Op 03985


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11823 155989/14

[*1] Ashton Goundan, et al., Plaintiffs,
v
Pav-Lak Contracting Inc., et al., Defendants-Respondents.
Pav-Lak Contracting Inc., et al., Third-Party Plaintiffs-Respondents,
v
D & D Electrical Construction Company Inc., Third-Party Defendant-Appellant. Norguard Insurance Company, Non-Party Intervenor-Appellant.


Cascone & Kluepfel, LLP, Garden City (James K. O'Sullivan of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York (David S. Pasternak of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 29, 2019, which, to the extent appealed from, denied intervenor's motion for summary judgment dismissing the third-party claims for common-law indemnification and contribution, unanimously affirmed, without costs.
Intervenor, the workers' compensation insurance carrier for third-party defendant D & D Electrical Construction Company
Inc. (D & D), established prima facie that the injuries allegedly sustained by plaintiff Ashton Goundan in a construction site accident while he was employed by D & D, i.e., cerebral concussion with postconcussion syndrome and other brain injuries, were not grave injuries within the meaning of the Workers Compensation Law.
In opposition, defendants submitted a decision by an administrative law judge of the Social Security Administration that determined, among other things, that plaintiff is unable to perform any "past relevant work" and that there are no jobs in the national economy that he can perform, due at least in part to the nature of the brain injuries that he sustained. This evidence is sufficient to raise an issue of fact as to whether plaintiff's claimed brain injuries have resulted in his permanent total disability and, therefore, constituted a grave injury within the meaning of [*2]Workers' Compensation Law § 11 (see Way v Grantling, 289 AD2d 790 [3d Dept 2001]; see also Miranda v Norstar Bldg. Corp., 79 AD3d 42, 49 [3d Dept 2010]; Sergeant v Murphy Family Trust, 292 AD2d 761, 762 [4th Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK