Padilla v Absolute Realty, Inc. (2020 NY Slip Op 06960)





Padilla v Absolute Realty, Inc.


2020 NY Slip Op 06960


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 24532/13E Appeal No. 12459-12459A Case No. 2020-01494(1) 

[*1]Luis Padilla, Plaintiff-Respondent,
v
Absolute Realty, Inc., Defendant-Appellant, The Fiedler Companies Inc., Defendant-Respondent. [And Third-Party Actions.]


McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for appellant.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York (Joel Celso of counsel), for Luis Padilla, respondent.
Kenney Shelton Liptak Nowak LLP, White Plains (Deborah A. Summers of counsel), for The Fiedler Companies Inc., respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered September 30, 2019, which, inter alia, granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim as against defendant Absolute Realty, Inc. (Absolute), unanimously affirmed, without costs. Order, same court and Justice, entered January 13, 2020, which denied Absolute's motion for summary judgment dismissing the claims alleging common-law [*2]negligence and a violation of Labor Law § 200, and on its claim for common-law indemnification against defendant The Fiedler Companies Inc. (Fielder), unanimously reversed, on the law, and the motion granted, without costs.
Plaintiff made a prima facie showing of entitlement to summary judgment as to liability on his Labor Law § 240(1) claim, as there is no dispute that he was injured while engaged in roofing work at an elevation, and was not supplied any safety devices, which was a proximate cause of the accident (see Reyes v Bruckner Plaza Shopping Ctr. LLC, 173 AD3d 570, 570 [1st Dept 2019]). In opposition, defendant site owner Absolute failed to raise an issue of fact. Any conflicting testimony as to the type of work plaintiff was performing and the manner in which the accident occurred is immaterial in light of the absence of statutorily required safety equipment (see De Oleo v Charis Christian Ministries, Inc., 106 AD3d 521, 522 [1st Dept 2013]; Roberts v Caldwell, 23 AD3d 210, 210 [1st Dept 2005]). Moreover, plaintiff could not have been the sole proximate cause of the accident, given the admitted lack of any safety devices (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; McCrea v Arnlie Realty Co. LLC, 140 AD3d 427, 429 [1st Dept 2016]).
Absolute established entitlement to summary judgment dismissing the claims for common-law negligence and violation of Labor Law § 200 as against it. The evidence demonstrates that it failed to exercise control over the manner and means of plaintiff's work (see Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404 [1st Dept 2018]; Weaver v Gotham Constr. Co., 171 AD3d 427 [1st Dept 2019]).
Absolute's motion for summary judgment on its claim for common-law indemnification against defendant Fiedler should have been granted. The record establishes that there were no protective devices on the roof and that Fiedler's supervisors, who visited the site each day, did not exercise their authority to order that the situation be remedied (cf. Naughton v City of New York, 94 AD3d 1, 10-11 [1st Dept 2012]). Whether Fiedler may seek contribution from any other party is not an issue before us.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020