Padilla v Absolute Realty Inc. (2021 NY Slip Op 03416)





Padilla v Absolute Realty Inc.


2021 NY Slip Op 03416


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 24532/13E Appeal No. 13959 Case No. 2020-04663 

[*1]Luis Padilla, Plaintiff,
v
Absolute Realty Inc., et al., Defendants-Respondents. _ Absolute Realty Inc., Third-Party Plaintiff-Respondent,


Gallo Vitucci Klar LLP, New York (Andrew C. Kaye of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for Absolute Realty, Inc., respondent.
Kenney Shelton Liptak Nowak LLP, White Plains (Deborah A. Summers of counsel), for The Fiedler Companies, Inc., respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about August 6, 2020, which denied second/third third-party defendant subcontractor Cercone Exterior Restoration Corporation's motion for summary judgment, unanimously modified, on the law, to grant Cercone a conditional order of dismissal of defendant/second third-party plaintiff general contractor The Fiedler Company Incorporated's claim for contractual indemnification, and otherwise affirmed, without costs.
Issues of fact as to Fiedler's negligence preclude dismissal of its claim against Cercone for contractual indemnification. This Court's previous finding that Fiedler was liable to defendant/third third-party plaintiff owner Absolute Realty Incorporated under common-law indemnification was based on Fiedler's actual exercise of supervision and control over Cercone's work (Padilla v Absolute Realty, Inc., 188 AD3d 608, 609 [1st Dept 2020], citing Naughton v City of New York, 94 AD3d 1, 10-11 [1st Dept 2012]). Fiedler has otherwise been held liable to plaintiff "only because of the absolute liability provisions of Labor Law § 240(1)" (Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179 [1990]; see Padilla, 188 AD3d at 608). As such, "General Obligation Law § 5-322.1's prohibition against indemnifying a contractor for its own negligence is inapplicable" unless and until Fiedler is found at least partially negligent (Brown, 76 NY2d at 179).
However, should Fiedler be found negligent, the indemnification provision would be "unenforceable since [its] full enforcement would result in the contractor[] being indemnified for [its] negligence" (Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 793-794 [1997]; see General Obligations Law § 5-322.1[1]). The clause "contain[s] no language limiting the subcontractor's obligation to that permitted by law or to the subcontractor's negligence" (Itri, 89 NY2d at 795; accord 11 Essex St. Corp. v Tower Ins. Co. of N.Y., 153 AD3d 1190, 1197-1198 [1st Dept 2017]).
As to Fiedler's claimed damages on its breach of contract claim alleging the failure to procure insurance, Cercone failed to demonstrate the absence of all material issues of fact. Cercone identifies only Fiedler's bill of particulars provided in response to its demand, which did not address this cause of action. We also reject Cercone's assertion that the claim is moot because Fiedler brought a separate action against its insurer seeking a declaration of entitlement to a defense and indemnity as an additional insured, as that action remains pending.
As to Fiedler and Absolute's claims for common-law indemnification and contribution, there is conflicting evidence concerning whether plaintiff suffered a grave injury (see Workers' Compensation Law § 11). Plaintiff proffered evidence that he suffered a "permanent total disability" and could not work "in any capacity" (Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]), "due at least in part to the nature of the brain injuries [*2]that he sustained" after falling from the roof on which he was working (Goundan v Pav-Lak Contr. Inc., 185 AD3d 485, 485 [1st Dept 2020]; see also Sergeant v Murphy Family Trust, 292 AD2d 761, 762 [4th Dept 2002]).
Finally, we decline to disturb the denial of Cercone's request to sever the third-party actions from plaintiff's damages trial, "absent a showing of prejudice to a substantial right of the party seeking the severance" (Luckey v City of New York, 177 AD3d 460, 460 [1st Dept 2019][internal quotation marks and citation omitted]; see CPLR 603).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021