Piccone v Metropolitan Tr. Auth. (2022 NY Slip Op 03458)





Piccone v Metropolitan Tr. Auth.


2022 NY Slip Op 03458


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 156229/12, 590412/13, 595765/15 Appeal No. 16022 Case No. 2021-03975 

[*1]Christian Piccone, Plaintiff-Respondent,
v
Metropolitan Transit Authority, et al., Defendants-Respondents-Appellants.
Metropolitan Transit Authority, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Island Foundations Corporation, Third-Party Defendant-Appellant-Respondent. [And a Second Third-Party Action.]


Cascone & Kluepfel, LLP, Farmingdale (Howard B. Altman of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents-appellants.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 29, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and on the Labor Law § 241(6) predicated on Industrial Code (12 NYCRR) § 23-1.7(b)(1), denied defendants' motion for summary judgment dismissing those claims, granted defendants' motion for summary judgment on their contractual indemnification claim against third-party defendant Island Foundations Corporation, and denied Island's motion for summary judgment dismissing that claim, unanimously modified, on the law, to deny plaintiff's motion as to the Labor Law § 241(6) claim and to deny defendants' motion as to their contractual indemnification claim against Island, and otherwise affirmed, without costs.
Plaintiff established prima facie his entitlement to summary judgment on his Labor Law § 240(1) claim, it being undisputed that he was injured when he fell down an open and unguarded manhole that he had been attempting to cover, as instructed, while working on a construction site (see Dos Santos v Consolidated Edison of N.Y., Inc., 104 AD3d 606 [1st Dept 2013]). In opposition, defendants, the operator of the subway facility and its general contractor on the project, failed to raise an issue of fact. Their argument that plaintiff was the sole proximate cause of the accident because he allegedly stepped over the open manhole — at which point he was accidentally bumped by another individual and fell into it — is unavailing, given the lack of protective railing around the manhole or any other safety devices (see Padilla v Absolute Realty, Inc., 188 AD3d 608 [1st Dept 2020]).
In light of the foregoing, the Labor Law § 241(6) claim is academic.
Defendants failed to establish their entitlement to summary judgment on their third-party contractual indemnification claims against Island, since the contract documents and deposition testimony present issues of fact as to whether the accident arose out of, or in connection with, Island's concrete subcontract work. Issues of fact exist as to whether plaintiff's accident was caused in whole or in part by defendant Metropolitan Transit Authority's failure to provide adequate safety protections around the open manhole and defendant Plaza-Schiavone Joint Venture's failure to abide by its contractual safety obligations under its subcontract with Island (see generally Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]; see Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 404 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022