Reyes v Episcopal Senior Hous. Greece, LLC (2023 NY Slip Op 05898)

Reyes v Episcopal Senior Hous. Greece, LLC

2023 NY Slip Op 05898

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, AND NOWAK, JJ.

825 CA 22-01907

[*1]MIGUEL REYES, PLAINTIFF-APPELLANT,
v
EPISCOPAL SENIOR HOUSING GREECE, LLC, EPISCOPAL SENIORLIFE COMMUNITIES AND EPISCOPAL SENIOR LIFE COMMUNITIES, INC., DEFENDANTS-RESPONDENTS. 
EPISCOPAL SENIOR HOUSING GREECE, LLC, AND EPISCOPAL SENIORLIFE COMMUNITIES, THIRD-PARTY PLAINTIFFS-APPELLANTS,FLOWER CITY MONITOR SERVICES, LTD AND FLOWER CITY MONITORS, INC., THIRD-PARTY DEFENDANTS-RESPONDENTS. 

PARISI & BELLAVIA, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
THE LAW OFFICES OF JORDAN DIPALMA, PLLC, PALMYRA (L. DAMIEN COSTANZA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS.
BARCLAY DAMON LLP, BUFFALO (JAMES P. MILBRAND OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-RESPONDENTS. 

 Appeals from an order and judgment (one paper) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered November 21, 2022. The order and judgment denied the motion of plaintiff for partial summary judgment on the issue of liability on the Labor Law 
§ 240 (1) claim, granted the cross-motion of third-party defendants for summary judgment and dismissed the third-party complaint.
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is granted, the cross-motion is denied, and the third-party complaint is reinstated.
Memorandum: Plaintiff, who was employed by third-party defendants on a demolition and abatement project on a building owned by defendant Episcopal SeniorLife Communities, was working alongside his supervisor on a scissor lift to remove a second-story window when, with the metal flashing and caulk having been removed from the window, the supervisor granted plaintiff permission to use the bathroom and lowered the lift to the ground, after which the window fell and struck plaintiff in the head. Plaintiff commenced this action seeking damages for injuries he sustained as a result of, among other things, an alleged violation of Labor Law § 240 (1). Defendants-third-party plaintiffs (third-party plaintiffs) commenced a third-party action against third-party defendants alleging causes of action for contribution and common-law indemnification. Plaintiff moved for partial summary judgment on the issue of liability on the Labor Law
§ 240 (1) claim, and third-party defendants cross-moved for summary judgment dismissing the third-party complaint on the ground that plaintiff did not sustain a grave injury as defined by Workers' Compensation Law § 11, and thus that the third-party complaint was not actionable. Supreme Court determined that Labor Law § 240 (1) was violated, but that there was a triable [*2]issue of fact whether plaintiff's own conduct was the sole proximate cause of the accident. The court also determined that third-party defendants met their initial burden on the cross-motion by establishing that plaintiff did not suffer a grave injury and that third-party plaintiffs, in opposition, failed to raise an issue of fact. Plaintiff appeals from an order and judgment insofar as it denied the motion, and third-party plaintiffs appeal from the order and judgment insofar as it granted the cross-motion.
We agree with plaintiff that the court erred in denying his motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim. Contrary to the court's determination and defendants' assertion, inasmuch as the record establishes that plaintiff and the supervisor were working together on the scissor lift to remove the window by prying off the metal flashing and removing the caulk, and that the supervisor then granted plaintiff permission to use the bathroom and lowered the lift to the ground while leaving the window unsecured on the second story of the building when the window was susceptible to falling, it cannot be said that plaintiff's conduct was the sole proximate cause of the accident (see Vicki v City of Niagara Falls, 215 AD3d 1285, 1288 [4th Dept 2023]; Allington v Templeton Found., 167 AD3d 1437, 1438 [4th Dept 2018]; Fronce v Port Byron Tel. Co., Inc., 134 AD3d 1405, 1407 [4th Dept 2015]). We thus conclude that plaintiff's "conduct during the [window removal] process 'raises, at most, an issue concerning his comparative negligence, which is not an available defense under Labor Law § 240 (1)' " (Vicki, 215 AD3d at 1288).
We further agree with third-party plaintiffs that the court erred in granting third-party defendants' cross-motion for summary judgment dismissing the third-party complaint. Even assuming, arguendo, that third-party defendants met their initial burden by establishing that plaintiff did not sustain a grave injury based on an acquired injury to the brain resulting in permanent total disability (see Workers' Compensation Law § 11 [1]), we conclude that third-party plaintiffs raised an issue of fact in that regard inasmuch as they submitted competent medical evidence showing that plaintiff may suffer from severe dementia that is causally related to the brain injury sustained during the accident and renders him unemployable in any capacity (see Padilla v Absolute Realty Inc., 195 AD3d 422, 424 [1st Dept 2021]; Sergeant v Murphy Family Trust, 292 AD2d 761, 762 [4th Dept 2002]; see generally Rubeis v Aqua Club, Inc., 3 NY3d 408, 413, 417 [2004]).
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court