Candelario v Gold (2020 NY Slip Op 03496)





Candelario v Gold


2020 NY Slip Op 03496


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-07140
 (Index No. 517200/16)

[*1]Arelis Candelario, respondent, 
v
Barry Gold, et al., appellants.


Malapero Prisco & Klauber LLP, New York, NY (Raymond J. Malapero and Andrea C. Soto of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Joseph P. Stoduto of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated January 9, 2019. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct of the plaintiff.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when the defendant Barry Gold, who was operating a vehicle owned by the defendant Twinco Supply Corp., pulled out of a parking space and into the lane of travel, colliding with the plaintiff's vehicle. The plaintiff thereafter commenced this action to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct of the plaintiff. The Supreme Court granted the plaintiff's motion and the defendants appeal.
The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that Gold violated Vehicle and Traffic Law §§ 1162 and 1143 by pulling his vehicle out of the parking space and into moving traffic before it was reasonably safe to do so (see Green v Masterson, 172 AD3d 826, 827; Jacino v Sugerman, 10 AD3d 593, 595). The plaintiff also demonstrated, prima facie, that she was not at fault in the happening of the accident. The plaintiff testified at her deposition that she saw the defendants' vehicle in the parking space as she approached at a speed of between 15 and 20 miles per hour, and that it was suddenly "on top of [her]" and "hitting [her]" (see Green v Masterson, 172 AD3d at 827). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, any minor inconsistency in the plaintiff's testimony as to the exact area of the street in which the accident occurred, a fact that was not material to the issue of fault, did not raise a bona fide issue as to the plaintiff's credibility (see Coughlin v Bartnick, 293 AD2d 509, 510).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's [*2]motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct of the plaintiff.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court