Berezovskiy v Redillo (2022 NY Slip Op 02526)

Berezovskiy v Redillo

2022 NY Slip Op 02526

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-02254
 (Index No. 516555/17)

[*1]Nailya Berezovskiy, appellant, 
v
Adolfo Redillo, respondent, et al, defendant.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Christen Giannaros], of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 19, 2020. The judgment, upon the granting of the motion of the defendant Adolfo Redillo pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence on the issue of liability, is in favor of the defendant Adolfo Redillo and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, a passenger in a vehicle operated by the defendant Adolfo Redillo, allegedly sustained personal injuries when the Redillo vehicle came into contact with a vehicle operated by the defendant Maksim Nisenberg. The plaintiff subsequently commenced this action against the defendants. The action proceeded to a jury trial on the issue of liability. At the close of evidence, Redillo moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion, and a judgment was entered in favor of Redillo and against the plaintiff dismissing the complaint insofar as asserted against Redillo. The plaintiff appeals.
A motion pursuant to CPLR 4401 will not be granted unless, affording the party opposing the motion every inference which may properly be drawn from the facts presented, and viewing the evidence in the light most favorable to the nonmovant, there is no rational process by which the jury could find for the nonmovant against the moving party (see Szczerbiak v Pilat, 90 NY2d 553, 556; Nestro v Harrison, 78 AD3d 1032, 1033). Here, there was no rational process by which the jury could find that Redillo was at fault in causing the accident (see Vehicle and Traffic Law §§ 1143, 1162, 1163[d]; Candelario v Gold, 184 AD3d 798, 799; Green v Masterson, 172 AD3d 826, 827; Adobea v Junel, 114 AD3d 818, 820; see generally Sheperd v Bliss, 173 AD3d 795; Yelder v Walters, 64 AD3d 762, 764). Redillo was traveling straight on a one-way road within a single lane of travel when Nisenberg, whose vehicle was parked mid-block, attempted to merge into the lane of travel from a parked position without signaling. Nisenberg failed to see what was there to be seen, failed to yield the right-of-way, and struck Redillo's vehicle within seconds after Nisenberg began to move his vehicle. Accordingly, the Supreme Court properly granted Redillo's [*2]motion pursuant to CPLR 4401 for judgment as a matter of law.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court