Jurski v City of New York (2022 NY Slip Op 02783)

Jurski v City of New York

2022 NY Slip Op 02783

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2019-07626
 (Index No. 701657/17)

[*1]Andrezj Jurski, respondent,
v
City of New York, et al., appellants.

Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak of counsel), for appellants.
The Platta Law Firm, PLLC, New York, NY (Laurence D. Rogers of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 9, 2019. The order granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is denied.
On March 24, 2016, the plaintiff, a roofer employed by nonparty Kel-Tech Construction, allegedly sustained injuries when he fell from an extension ladder at a public high school in Queens, while renovating a bulkhead on the roof thereof. In August 2016, the plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). After discovery was completed, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court granted the motion, and the defendants appeal.
The plaintiff established, prima facie, the defendants' liability under Labor Law § 240(1) by submitting, among other things, the transcripts of his General Municipal Law § 50-h hearing testimony and his deposition testimony. These evidentiary submissions demonstrated that the plaintiff was provided with an extension ladder that was secured only on the right side and, as he began to descend the ladder from the roof of the bulkhead to the roof of the school, the ladder shifted to the right and backwards, causing him to fall approximately 12 to 13 feet onto the roof of the school (see Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 689; Alvarez v Vingsan L.P., 150 AD3d 1177, 1179; Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 557; Grant v City of New York, 109 AD3d 961, 962; Boe v Gammarati, 26 AD3d 351).
In opposition, however, the defendants raised a triable issue of fact as to whether the ladder shifted to the right and backwards, as the plaintiff testified, or whether the plaintiff's own actions were the sole proximate cause of the subject accident. The defendants submitted an affidavit [*2]from the plaintiff's supervisor, who averred that the plaintiff had told him, just after the accident occurred while he was still on the roof, that he had lost his balance as he descended the ladder and jumped off the ladder. The different versions of the accident given by the plaintiff create triable issues of fact that required denial of the motion, including a triable issue of fact as to the plaintiff's credibility (see Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 855; Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096, 1097-1098; Castronovo v Doe, 274 AD2d 442, 443; Xirakis v 1115 Fifth Ave. Corp., 226 AD2d 452, 453).
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court