Acevedo v PSM Long Is. Corp. (2023 NY Slip Op 03322)

Acevedo v PSM Long Is. Corp.

2023 NY Slip Op 03322

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-04246
 (Index No. 609117/17)

[*1]Jose Acevedo, appellant,
v PSM Long Island Corporation, et al., respondents.

Cannon & Acosta, LLP, Huntington Station, NY (Marijane McQueeney of counsel), for appellant.
Malapero, Prisco & Klauber, LLP, New York, NY (Andrew L. Klauber of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated May 14, 2020. The order denied the plaintiff's motion for leave to serve a third supplemental verified bill of particulars and for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained at a construction site where a new single-family house was being built by the defendants. The plaintiff was employed by a siding subcontractor hired by the defendants. The plaintiff testified at his deposition that he was preparing to install siding on the exterior of the house while standing on the 15th rung of an extension ladder, which his employer had set up. While he was driving a nail with a hammer above a second-story window, the ladder tilted to one side, causing the plaintiff to lose his balance. In order to avoid falling to the ground, as he lost his balance, the plaintiff jumped down onto a plank, which was at a level approximately 3 feet below the ladder rung on which he had been standing, and was approximately 14 or 15 feet above the ground. The plaintiff testified that, when emergency personnel straightened the ladder in order to rescue the plaintiff from the plank, he noticed that one of the nails that should have prevented the ladder from tilting to the side was missing.
After discovery, the plaintiff moved for leave to serve a third supplemental verified bill of particulars and for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The Supreme Court denied the motion, and the plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, [*2]a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). "'In order to prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries'" (Guaman v 178 Ct. St., LLC, 200 AD3d at 657, quoting Rudnik v Brogor Realty Corp., 45 AD3d 828, 829; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287).
Here, the plaintiff established, prima facie, that his injuries were proximately caused by a violation of Labor Law § 240(1) by submitting, inter alia, his deposition testimony that he was working on a ladder which tilted, causing him to lose his balance and jump onto the plank below (see Jurski v City of New York, 204 AD3d 983, 984; Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 689).
In opposition, the defendants failed to raise a triable issue of fact. The evidence submitted by the defendants did not raise a bona fide issue as to the plaintiff's credibility with respect to any material issue (see Candelario v Gold, 184 AD3d 798, 799; cf. Jurski v City of New York, 204 AD3d at 984). The defendants' contentions that the plaintiff leaned to one side while he was working and that he jumped off the ladder as it began to tilt were insufficient to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of his injuries (see White v 31-01 Steinway, LLC, 165 AD3d 449, 450). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court