Sheppard v Arora (2024 NY Slip Op 03900)

Sheppard v Arora

2024 NY Slip Op 03900

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-04883
 (Index No. 514547/18)

[*1]Jessica Sheppard, respondent, 
v
Arun Arora, appellant.

Lawrence & Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 17, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when she attempted to pull her vehicle out from a parking lane into the right-hand travel lane on Rockaway Parkway and the left front side of her vehicle came into contact with the middle passenger side of the defendant's vehicle. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. In an order dated April 17, 2023, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's attempt to pull out from the parking lane and into moving traffic before it was reasonably safe to so do was the sole proximate cause of the accident (see Vehicle and Traffic Law §§ 1143, 1162; Candelario v Gold, 184 AD3d 798; Green v Masterson, 172 AD3d 826, 827). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court